## WERNER v. SCHRECK.

1. EXCEPTIONS.—Exceptions to the instructions of the court to the jury will not be noticed, unless the bill of exceptions states the testimony so that the court can decide whether there is any foundation for the exceptions.

(2 *Chand.* 46.)

ERROR to the Circuit Court for *Milwaukee* County.

This was an action of assumpsit for work, labor and services rendered under a special contract for the erection of a building by the plaintiff in error for the defendant in error.

The error upon which the cause was brought into this court, consists in the charge of the court to the jury, relating to the subject-matter of the contract and the evidence given on the trial, but which evidence was not stated in the bill of exceptions. The only importance attached to the case, as it came before this court, and as decided by it, seems to be, that if exceptions are taken to the charge of the court, on the trial of a cause, which charge relates to the evidence given therein, the evidence must be stated in the bill of exceptions in order that this court may see that the charge was inapt to that evidence, and erroneous.

*H. S. Orton*, for plaintiff in error.

*J. S. Brown*, for defendant in error.

JACKSON, J.    The error alleged in this cause is based upon the following charge to the jury, of the judge before whom it was tried :

" In the opinion of the court the plaintiff was required by the contract to perform work within two months from the commencement of the same, only to the amount of one hundred and thirty dollars, the price of the lot mentioned in said contract, and the residue of said work might be performed any time within a reasonable period under the terms of said contract."

And, also, upon his refusal to charge as follows:

" That the jury must find by the testimony, that the plaintiff completed the building of the house, except plastering the roof, within two months from the commencement of the work, or the plaintiff could not recover upon the special agreement set out in his petition, and setting out no other agreement he could not recover at all."

The correctness of these objections can only be determined by a reference to the testimony given upon the trial.

Upon examining the bill of exceptions, I find no portion of the testimony is presented, nor is its substance even stated.

Nothing appears, therefore, upon the record to sustain the allegation of error, and this court must presume that the instructions of the court below were correct.

Judgment affirmed.