NELSON MILLETT, *Plaintiff in Error*,

*vs.*

ARVIDA HAYFORD, *Defendant in Error*.

Wisconsin
1 401
95 635
1 401
54 LRA 553

ERROR TO RACINE COUNTY COURT.

If a party in the County Court do not object to a trial by a jury of six persons, as prescribed by the statute, or if he join in the selection of such jury, he will be deemed to have consented to submit his cause to their decision, and to have waived his right to a jury of twelve:

To be in an attitude to take exceptions to the law providing for a jury of six, in the County Cunrt, the party must show affirmatively that he objected to a trial by such jury.

To enable a party to avail himself of exceptions taken to the ruling of the court, in admitting or rejecting evidence, he must set forth, in his bill of exceptions, what the evidence was, in order to enable this court to determine whether the court below erred in its ruling.

When an action is prematurely brought, advantage may be taken of it, by plea in abatement, or by motion for non-suit on the trial, or, if it appear on the face of the declaration, by demurrer.

An agreement not to sue before a particular time, or the happening of a particular event, is not a bar to an action brought before the time, or the occurrence of the event. But an agreement never to sue, operates as a release, and may be pleaded in bar.

The presence of a prosecutor while an attorney is conducting a criminal case in behalf of the State, affords no presumption that such attorney was employed by him. To render the prosecutor liable, a retainer by him must be proved.

The plaintiff is entitled to costs in the County Court, though the judgment be less than one hundred dollars, if the suit be brought on a note for over that sum, and the amount is not reduced below it, by credits or payments endorsed thereon.

This was an action of assumpsit, brought by the defendant in error against the plaintiff in error in the County Court of Racine county, upon two promissory notes, both originally payable to S. S. Stevens or bearer. The plea was non-assumpsit, with notice, that the notes were transferred after maturity, also notice of set off against the payee. The cause was tried by

a jury of six, in conformity with the act establishing County Courts.

The defence set up was, 1st. The set off of an account of Millett against Stevens; and 2d. An agreement on the part of Stevens, the payee of the notes, to permit the amount due on them to remain in the hands of Millett, until he and one Armour should be indemnified against a certain replevin bond, signed by Millett and Armour for said Stevens, in a suit commenced by him against William H. Watkins and John W. Carswell.

On the trial, it was proved, that in November, 1850, a prosecution for adultery was commenced by S. S. Stevens against Dr. Hanchett, before Justice Morgan, and before an examination was had, the case was removed before Judge Whiton upon habeas corpus. The matter was there argued by Millett and Judge Worden for Stevens, who was the prosecutor. That it was worth ten dollars to appear before the magistrate, and fifty dollars from the commencement to the termination of the prosecution. There was a *crim. con.* case commenced by Stevens against Hanchett in the Circuit Court; that it would be right to charge a retainer of from $25 to $100. In June, 1851, Stevens showed the notes to one or more persons, and wanted to collect them. On the 14th or 15th of June, Stevens had the notes in his possession. They were then past due.

The signing of the replevin bond by Millett and Armour, was also proved, and also the agreement on the part of Stevens, that the money due to Stevens from Millett, should remain in his, Millett's hands, until they were indemnified against the bond.

About the last of May or first of June, 1851, Ste-

vens went to the office of Paine & Millet, and asked
Millett, in case he gave him a bond of indemnity
against that replevin bond, if that would satisfy
him? Millett replied that it would; and he would
then settle with and pay him. Stevens requested
Paine to draw a bond, which he did, and Stevens took
it away to procure a surety, but never returned it.
Paine, the law partner of Millett, refused to be retain-
ed in the *crim. con.* case, on account of his relations
with the defendant, but told Millett that he could do
as he pleased. Paine had nothing to do with the case
of criminal conversation, and did not advise about it.
He was district attorney at the time of the hearing
on the habeas corpus, but took no part in that mat-
ter.

William S. Rice was then called as a witness for
the defendant in error, and testified, that he was a jus-
tice of the peace in July, 1851. The defendant in
error then offered in evidence the record of a judg-
ment on the docket of said Rice, in a suit between
Paine & Millett, plaintiffs, and S. S. Stevens, defendant.
This was objected to by the defendant below, unless
some of the items of set off were comprehended in
that suit. Mr. Rice stated there were no such items.
The court overruled the objection, and the defendant
excepted. The execution at the suit of Stevens
against Watkins and Carswell, was given in evidence,
from which it appeared that the costs in that case
were satisfied.

The defendant then asked the court to charge the
jury as follows: 1. That if they should find that
Stevens agreed that the fund due from Millett &
Kenzie, should remain in his hands, until Armour &
Millett, were indemnified against that replevin bond,

they could not find a verdict on the large note, until their liability is shown to be released. 2. That the judgment of the Circuit Court in the replevin case for costs, against Stevens, does not affect one way or the other, the liability of the obligors on the bond, in respect to the property replevied and named in the bond. 3d. That the production of that bond by the defendant, with the record, is *prima facie* evidence, that the obligors are still liable thereon ; and if the plaintiff claims that the property was released by Stevens, it is incumbent on him to show it.

The court refused so to charge ; but on the first point charged, that the agreement of Stevens to let the fund remain in Millett's hands, until he and Armour were released from that bond, could only be taken advantage of, by plea in abatement, or motion for non-suit, or, where there were two notes, as in this case, to one of which the objection did not apply, by motion to strike from the record the large note, if no question of fact was to be determined. Defendant's counsel then asked the court to rule out the large note; but the court proceeded with the charge, saying he would consider the matter when he got through ; and subsequently was asked by the defendant to rule out the large note, but the court refused to do so, and charged the jury, that such agreement was no bar to the plaintiff's recovering.

The court further charged the jury, that if they found, that the judgment in the replevin suit was against Stevens for costs, and no return of the property adjudged, or damages awarded, and these costs were paid, the obligors of said bond would be released ; that is to say, the conditions of said bond would be fulfilled.

The court also charged the jury in reference to the defendant's charge for attendance upon the habeas corpus; that if the district attorney was sitting by during the conducting a prosecution on behalf of the State by another attorney, which the district attorney was bound by law to conduct, in the absence of showing any special agreement between the prosecutor and said other attorney, the presumption of law would be, that said other attorney was employed by the district attorney, or by the county, and not by the prosecution; but that the district attorney must have notice of the hearing on habeas corpus, before he would be bound to attend the same.

To these several instructions, the defendant below excepted.

The plaintiff below obtained a verdict and judgment thereon. The judgment being less than $100, the defendant moved the court to vacate the judgment against him for costs, on the ground that the claim of the plaintiff, as established at the trial, did not amount to the sum of $100, and that the same was reduced by set off to the sum of $77.81, for which judgment was rendered; which motion was overruled by the court, and the defendant excepted.

*Ira C. Paine*, for the plaintiff in error.

1. The first error that presents itself upon the record, is the trial by a jury of six, instead of twelve men. The law creating the County Courts, so far as it limits the number of jurors to six, is unconstitutional and void. *Art.* 1, § 5, *Const. Wis.*; 3 *Peter's Rep.* 433; 2 *id.* 524; 1 *Eng. Rep.* 259; *Coxe vs. State*, 14 *Smedes & M.* 583; 3 *Eng. Rep.* 436.

2. The court erred in admitting the record of a

<div style="margin-left-note">JUNE TERM, 1853.

Millett
vs.
Hayford.</div>

judgment upon the docket of justice Rice, between Paine and Millett, and S. S. Stevens, the original payee of said notes; such judgment being wholly irrelevant to the issue in the case. 1 *Greenl. Ev.* § 51, *p.* 119, and cases there cited.

3. The court erred in charging the jury that the agreement of Stevens to let the fund which Millett and Kenzie owed him, remain in Millett's hands, until they were indemnified against the replevin bond, was not a bar to said note, and that the objection could only be taken by plea in abatement.

4. The court erred in charging the jury, that if the judgment of the Circuit Court in the replevin suit was for costs only; the obligors of the bond would be absolved from liability.

5. The court erred in charging the jury, that the presumption of law was, that the defendant was employed by the district attorney to conduct the hearing upon the habeas corpus, because he happened to be sitting by, the district attorney having no power to employ associate counsel.

6. The court erred in refusing to vacate the judgment rendered against the defendant for costs, as the claim was not originally two hundred dollars. *Rev. Stat. Chap.* 136, § 5.

For these reasons the judgment below should be reversed.

*Wm. C. Marshall,* for the defendant in error.

1. Plaintiff in error did not except at the trial to the jury of six; and it is too late now to object. The right to trial by jury had been waived, the cause having been continued after issue joined, and no demand for a jury having then been made. (*Rev. Stat., Chap.*

86, § 13. The statute limiting the number of jurors to six, merely changed the common law, and is not unconstitutional. (*Rev. Stat.*, 43, § 13,) 5 *Ohio Rep.*, 133 ; *Burnett's R.*, 43.

No exception appears to have been taken at the time, to the decision of the court admitting the testimony. The docket of the justice was admissible, to enable the jury to determine whether any items of the set-off were comprehended in that suit. It was also admissible to prove the partnership of Paine & Millett ; to prove a general retainer by Stevens of the firm of Paine & Millett, and that the firm were rendering him legal services at the time of the criminal prosecution, &c. To show that the defendant had previously obtained judgment upon a part of an indivisible demand, in order to bar him from a set off of the residue in an action against himself. 1 *Wend.* 487 ; 8 *id.* 665; 23 *id.* 456 ; *Gow. on Part.* 153.

*As to the Agreement.* An agreement not to sue for a limited time is not a release, and the jury cannot take it into consideration, in rendering a general verdict in an action brought before the expiration of the time. 2 *Saund.* 48 *note*; 19 *Johns. R.* 129 *and* 241 ; 4 *Mass.* 414 ; 8 *Pick.* 229 ; 2 *Met.* 178. When an action is prematurely brought, the defendant's remedy is by plea in abatement, demurrer, or motion to nonsuit. 1 *Chitty's Pl.* 454 ; 1 *Saund. on Pl.* 2.

*As to the release of the replevin bond.* The record and replevin bond are not set forth in the bill of exceptions. (2 *Chand. Rep* 46.) The bond was discharged on the return of the execution satisfied. If the judgment was merely for costs, and not for a return of the property, or for the value thereof, and for damages for detention, and this judgment was satisfied,

the conditions of the bond was fulfilled, as the defendant in replevin was entitled to judgment for return, unless he had pleaded matter not sufficient to entitle him to a return. *R. S. p.* 615, § 31, 32, 33, *et seq.*; 4 *Wend.* 217 ; 6 *Hill*, 615 ; 2 *Fairf.* 66.

*As to the liability of the Prosecutor.* It was the duty of the District Attorney to have defended the State in the matter of the habeas corpus in the Circuit Court. *Rev. Stat.* 102, § 63. The services rendered by the plaintiff in error, in " conducting the hearing on habeas corpus, were for the benefit of the district attorney, and he would be liable therefor, if rendered with his knowledge and assent." *Chitty on Contr.* 19 ; *Story on Contr.* 137 ; *Saunders* 137.

*As to costs.* 1. The plaintiff is entitled to costs in cases not cognizable before a justice of the peace. *Rev. Stat. Chap.* 130, § 3, 4. 2d. This action was not within the jurisdiction of a justice. *Rev. Stat. Chap.* 88, § 5, 6.

*By the Court,* CRAWFORD, J. This case comes before us by writ of error, to the County Court of Racine county. In that court, the defendant in error commenced an action of assumpsit against the plaintiff in error, to recover the amount due upon a promissory note, and a due bill, the former having been endorsed to the plaintiff in the action after it became due, and the latter being payable to bearer.

The defendant filed a plea of non assumpsit, accompanied with a notice of set-off, as well against the plaintiff as against Samuel S. Stevens, the payee and endorser of the promissory note, and the payee named in the due bill ; and that the defendant would insist and prove on the trial, that the note and due bill were endorsed and passed to the plaintiff after ma-

turity. An issue was joined on the plea, and upon this issue a trial was had by a jury, which resulted in a verdict and judgment for the plaintiff, for the sum of seventy-seven dollars and eighty-one cents, with costs. The defendant afterwards filed an affidavit and motion to vacate the judgment for costs, and to render judgment for costs against the plaintiff, which motion was overruled, and thereupon a bill of exceptions was sealed and filed.

The first error assigned is, that ths case was tried by a jury of six persons, and that *section sixteen, of chapter eighty-six of the Revised Statutes*, in so far as it limits the jury in the County Court to six persons, is unconstitutional. It is not incumbent upon us, in the present case, to examine and decide this question, because the plaintiff in error is not in an attitude to avail himself of it. By the *seventeenth section of the statute*, the selection of the jurors is given to both parties, in the mode prescribed, and if either party refuse or neglect to take part in choosing the jurors, the court or the clerk may act for such party. We are not informed by the record that the plaintiff in error made any objections to the jury, and we are to presume that he took part in their selection, for if he did not demand the jury, and did not participate in selecting the jurors, it lies with him to show such a state of facts, and in the absence of any objection or refusal, we must presume that the plaintiff in error consented to submit his case to a jury, as allowed by the statute. Indeed, it does not appear by the record that the plaintiff in error himself did not demand the jury, as provided by the statute. Error is not to be presumed, but he who alleges it, must show it

affirmatively. *See Powell et al. vs. Sonnett et al.*, 3 *Bingh.* 381.

The second error assigned, relates to the admission in evidence of the docket of William S. Rice, a justice of the peace, to show "a suit between Paine & Millett, plaintiffs, and Samuel S. Stevens, defendant."

The plaintiff in error objected to this evidence until it was shown that some of the items in that suit were comprehended in the defendant's set off, which it appears was not the case. The court overruled the objection, and the defendant took an exception. Whether the docket was read in evidence, or what facts were shown thereby, we are entirely uninformed by the bill of exceptions. The proceedings in the suit between Paine & Millett and Stevens may or may not have been pertinent to the issue; but before a party can avail himself of an objection to the ruling of the court in admitting or rejecting evidence, he must, by his bill of exceptions, set forth what the evidence admitted or rejected, was, in order to enable us to decide whether the court erred in its ruling.

This has not been done in this case, and we cannot infer that the court erred in its decision on this subject, in the absence of anything in the bill of exceptions to sustain the objection. (*Warner vs. Schreck*, 2 *Chand.*, 46.)

The third error insisted upon, is that the court charged the jury erroneously, that the agreement of Stevens, the payee of the notes, to let the funds remain in Millett's hands until Millett and Armour were released from a certain replevin bond which they had signed for him, could only be taken advantage of by plea in abatement or motion for nonsuit; or, when there were two notes, as in this case, to one of which

the objection did not apply, by motion to strike out from the record the note to which it did apply.

It appeared in evidence, that the plaintiff in error (Millett) and one Armour had, before that time, signed a replevin bond, as sureties for Stevens, and that, as indemnity to them, Stevens had agreed to let the money which Millett owed to him, remain in his (Millett's) hands. This indebtedness from Millett to Stevens was shown, by the testimony of James Kenzie, to be the same for which the promissory note, sued upon, was given. It also appeared on the trial, that in the replevin suit of Stevens against Watkins and Carswell, a judgment for costs was rendered against Stevens, and that an execution for these costs had been paid and satisfied.

We are inclined to think the court was correct in this instruction. Mr. Chitty, in his work on *Pleadings*, (*vol.* 1, *page* 453,) in defining pleas in abatement to the action of the writ, holds that when the action is prematurely brought, it may be so pleaded, but that it is unusual to do so, as it would be ground of non-suit on the trial, or of demurrer, if it appeared in the declaration.

The agreement relied upon was, in effect, an extension of time for payment; so that, if the action were brought before the release of Millett as one of the sureties in the replevin bond, it could be claimed to be *prematurely* brought, at most. But we hold, that even if this agreement be construed as one not to sue on the note within a given time, or before the happening of a particular event, (as the releasing of the sureties in the replevin bond,) yet it cannot constitute a bar to an action on the note.

A covenant never to sue upon an existing demand

operates as a release; but a covenant or agreement not to sue within a limited time, is neither a release, nor can it be pleaded in bar of an action. It is a distinct agreement, for the violation of which (if it be founded upon a consideration) an action may be maintained. (*Dow vs. Tuttle*, 4 *Mass.* 414; *Perkins et al. vs. Tilman*, 8 *Pick.* 229; *Chandler vs. Herrick*, 19 *John.* 129; *Greeley vs. Dow*, 2 *Met.*, 176.)

In connection with this subject, we may dispose of the fourth error insisted upon, by saying that the execution in the replevin suit, which issued against Stevens for costs, having been returned satisfied, and the judgment in that case in the Circuit Court having been for costs only, the condition of the bond was complied with, and the obligors therein would be relieved from liability.

We see no error which could affect the plaintiff in error, in that part of the charge of the County Court relating to the services of Mr. Millett, on the hearing of the *habeas corpus* proceeding.

The presence of Stevens while Mr. Millett was engaged in rendering professional services on the part of the State in a criminal matter, would not give rise to any presumption that Stevens agreed to pay for such services, even if he (Stevens) was the prosecutor; nor would the presence of the district attorney, whose duty it is to conduct such proceedings on the part of the State, raise any presumption of liability against him; but if it was sought to render Stevens liable to the plaintiff in error for such services, it was necessary to prove a *retainer* by him. So that the charge of the court in this respect could have worked no injury to the plaintiff in error. *See Bac. Ab. Error K.* 4.

The remaining question is whether the plaintiff below was entitled to recover costs. Section three of chapter one hundred and thirty of the Revised Statutes, provides that a plaintiff who recovers judgment in any action not cognizable before a justice of the peace, shall recover his costs. It is evident that this action was not cognizable in a justice's court, because the promissory note sued upon was given for the sum of one hundred and sixteen dollars and fifty-two cents, and was not reduced in amount by "credits or payments indorsed thereon, to an amount not exceeding one hundred dollars." (*See R. S. ch.* 88, § 6.) The plaintiff below was therefore entitled to costs.

We have been unable to find any error in this case, and consequently the judgment of the County Court must be *affirmed*.