HILLIARD, Respondent, vs. WISCONSIN LIFE INSURANCE COMPANY, Appellant.

*October 1—December 15, 1908.*

*Evidence: Presumptions as to continuance of life and matrimonial relations: Parties: Real party in interest: Actions: Premature commencement: Existence of cause of action: Preliminary conditions: Pleading: Issues raised by general denial: Proof: Life insurance: Surrender of policy: Recovery of surrender value: Conditions precedent: Cause of action: Policy payable to married woman: Right of husband to surrender: Appeal and error: Conditional reversal.*

1. The existence of a personal relation or a state of things being once established by proof, the presumption is that such relation or state of things continues to exist as before until the contrary is shown or until a different presumption is raised from the nature of the subject in question.
2. The foregoing rule applies to an established condition as to life and matrimonial relations.

3. The rule that an objection that a suit was not brought by the real party in interest must be raised by demurrer or special pleading of the facts does not apply when the plaintiff has no interest, legal or equitable, in the claim or right to represent it.

4. The rule that an objection that the action was prematurely brought must be raised by demurrer or answer specially pleading the facts applies only where the cause of action was complete before suit but there was nonperformance of some condition of its being remediable, not to where there was no such cause at the beginning. In the latter situation the objection may be raised, as in any other case of there being insufficient facts pleaded or established to make out a cause of action.

5. The fact that no cause of action existed at the time of the commencement of the suit may be established under a general denial.

6. Any fact which the plaintiff must prove to establish his cause of action may be disproved under a general denial.

7. In case of a policy of life insurance providing that it shall have a surrender value upon specified conditions, a cause of action to recover such value does not exist in advance of such performance.

8. A policy of life insurance on the life of a married man, unqualifiedly payable at maturity to his wife, is governed by sec. 2347, Stats. (1898); but one so made payable but conditioned that in a specified event it shall have a surrender value in which the beneficiary shall have no interest, is not as to such feature controlled by such statute.

9. In case of a judgment being improperly rendered because the cause of action alleged did not exist when the action was commenced, and the infirmity can be cured, the result of the trial should not be disturbed except in so far as to prevent any substantial prejudice to the adverse party.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The claim in the case was this: April 28, 1897, plaintiff obtained from the Natural Premium Mutual Life Insurance Company, a corporation duly authorized in the matter, an annual twenty-payment life insurance policy, securing to his wife, Julia Hilliard, in case of her surviving him, $1,000, or in the event of her not so surviving and his decease leaving

children such sum to such children, otherwise the same to his personal representative. It provided for a payment of $162.09 as a surrender value at the end of ten years in case of the policy being kept alive till that time, contingent upon its surrender for cancellation and sixty days' notice in writing being given to the company. December 5, 1906, plaintiff gave defendant such notice, but it failed and refused and on further notice and demand still refuses to pay said sum or any part thereof. He tendered defendant the policy before the commencement of this action and has kept such tender good. By contract with the company named in the policy and subsequent assent of the assured, prior to 1899, all the liabilities under such policy devolved upon the defendant. There was an appropriate prayer for judgment. The defendant answered by a general denial and pleaded the terms of the contract. The giving of notice as alleged was admitted. There were further allegations presenting the question as to whether the surrender value was not less than that claimed by about one half.

The cause was tried by the court without a jury. The policy of insurance contained this provision: "It is understood, that in the event of the surrender of this policy, the beneficiary hereunder shall have no claim whatever upon the said company."

The court found as matters of fact the issuance of the policy, the creation of liability and surrender value at the end of the tenth year, as alleged in the complaint, and further found that the defendant company was solvent and had in hand funds available for and applicable to payment of such value, and ordered judgment in plaintiff's favor therefor with interest as prayed for in the complaint. Judgment was accordingly rendered.

*A. R. Bushnell,* for the appellant.

*Charles N. Brown,* for the respondent.

The following opinion was filed October 20, 1908:

MARSHALL, J.   The grounds upon which judgment was rendered in favor of respondent are untenable, as the following will clearly indicate.

It was assumed by the trial court that the policy was the sole and separate property of respondent's wife, when issued, but since there was no affirmative proof that she was alive at the time of the trial or if so that she was still respondent's wife, the original situation was immaterial to his right to recover.   Manifestly, those were not matters for appellant to maintain by evidence in the absence of proof to the contrary. By principles too familiar to require more than a mere statement thereof, the continuance of life and status as regards Julia Hilliard, the beneficiary named in the policy, is presumed till the presumption is rebutted by evidence.   The case in this regard falls within the rule in *State ex rel. Coffey v. Chittenden,* 112 Wis. 569, 88 N. W. 587:

"When the existence of a person, a personal relation, or a state of things, is once established by proof, the law presumes that the person, relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised, from the nature of the subject in question."

It was error to hold, as was done, that, assuming the cause of action, if there were one, belonged to respondent's wife, the proceeding in his name to enforce it was a mere failure to follow the command of the Code requiring all actions to be prosecuted in the name of the real party in interest.   The purpose of the requirement was to change the rule of the common law under which it was necessary, in some cases, to prosecute in the name of one though the avails of the litigation would belong to another, as for instance the assignee of a nonnegotiable promissory note, though in equity the absolute

owner thereof, in case of necessity to judicially enforce it at law, was compelled to do so in the name of the assignor. The change has no reference to a situation where a person who does not act in a representative capacity nor have any legal or equitable title to the cause of action; a mere pretended owner, sues to enforce the cause of action. In such a situation the infirmity of plaintiff's position goes to the very foundation of the claim of right. If it is put in issue by a denial the burden is upon him to establish it. The fact showing such infirmity is not matter in abatement nor new matter required, in order to be available, to be pleaded specially. The general rule under the Code is that any matter of fact alleged in the complaint which the plaintiff must establish to make out his cause of action may be disproved under a general denial. *Timp v. Dockham,* 32 Wis. 146; *Wheeler v. Billings,* 38 N. Y. 263; *Greenfield v. Mass. Mut. L. Ins. Co.* 47 N. Y. 430; *Weaver v. Barden,* 49 N. Y. 286; 1 Ency. Pl. & Pr. 817. That rule manifestly includes proof that the alleged cause of action never existed. *Mack v. Burt,* 5 Hun, 28; *Goddard v. Fulton,* 21 Cal. 430. It is thus tersely stated in *Greenfield v. Mass. Mut. L. Ins. Co., supra:*

"Under a general or specific denial of any part of a complaint, which plaintiff is required to prove to maintain his action, defendant may give evidence to disprove it."

It follows under the pleadings that it was essential for plaintiff to prove he owned the right claimed at the time the action was commenced.

By the terms of the policy, in order to impress thereon a surrender value, it was necessary to deliver back the instrument and give sixty days' notice in writing to the company. While the evidence shows the giving of notice to appellant, substantially informing it more than sixty days before the commencement of the action of appellant's intention to make the surrender and realize the advantages of the agreement as to a surrender value, there was no proof of such a surrender

before the action was commenced nor thereafter. Though the policy was produced upon the trial and offered in evidence, it was not then tendered to appellant nor deposited with the court for its use. For aught that appears in the record respondent or his wife now has the policy. So in any event no cause of action existed against appellant when these proceedings were instituted. The difficulty is not in the mere failure to satisfy some condition precedent to a remedy for the enforcement of an existing cause of action, but in failure to comply with a condition precedent to the existence of the cause of action. The former would be mere matter in abatement but the latter clearly not. The distinction is pointed out in *Lombard v. McMillan,* 95 Wis. 627, 70 N. W. 673. Caution is there suggested to avoid going astray by reason of the general statement in 1 Ency. Pl. & Pr. 22, to the effect that the objection that the action is prematurely brought must be raised as matter in abatement, and similar language in *Collette v. Weed,* 68 Wis. 428, 32 N. W. 753, and other cases, overlooking *Millett v. Hayford,* 1 Wis. 401, and *Noonan v. Bradley,* 9 Wall. 394, and similar cases, to the effect that the objection that the action was prematurely brought may be made by pleading the same in abatement or by a motion for nonsuit upon the trial; that it is not waived by failure to specially plead it. This court endeavored to make clear that the two classes of authorities will be seen to be in harmony when it is appreciated that one deals with matter going to the jurisdiction of the court or the cause of action itself, and the other merely to the remedy by way of qualification or otherwise.

If, in any view of the case, the errors committed in respect to nonsurrender of the policy before the commencement of the action being mere matter in abatement and waived because such nonsurrender was not specially pleaded, could be regarded as nonprejudicial, it would be difficult to see why the judgment appealed from should be disturbed. True, un-

der sec. 2347, Stats. (1898), as construed by this court in *Ellison v. Straw*, 116 Wis. 207, 92 N. W. 1094, and *Canter- bury v. N. W. Mut. L. Ins. Co.* 124 Wis. 169, 102 N. W. 1096, if a married man takes out a policy of life insurance expressed to be for the benefit of his wife, it is her property to the extent that in case of maturity of the contract during her lifetime the proceeds thereof will belong to her for her own use and benefit free from any claim on the part of her husband or any of his creditors. It was assumed by the trial court, as before indicated, and is now assumed by counsel upon both sides, that the policy here is unqualifiedly within that statutory rule. All seem to have overlooked this pro- vision of the contract:

."It is understood, that in the event of the surrender of this policy, the beneficiary hereunder shall have no claim whatever upon said company."

We see no way of escaping the conclusion that such lan- guage should be read as a proviso to the clause making the policy payable to Mrs. Hilliard and, therefore, in that re- spect the contract is not within the statute, if it be competent to make such a proviso. Upon principle there is certainly no such incompetency and there is no prohibition in respect to the matter, express or implied, in the written law, so far as we can discover. Possibly to incorporate such a provision in a contract which would otherwise be governed by the plain letter of the statute, is contrary to the legislative policy in respect to the rights of married women as to insurance con- tracts made for their benefit, but if liberty of contracting in respect to such matters can legitimately be taken away the restriction should be unmistakably expressed.

It must follow, as we view the matter, that under the terms of the policy the right to mature a claim for a surrender value is personal to respondent. If any one can recover on the claim made in the complaint respondent is that one.

We must still face the fact that when this action was

commenced it was not grounded on a matured claim.    There was a mere right on the part of respondent to create one by complying with the conditions of the contract in that regard. The findings of the trial court do not cover the subject.    The basic fact, essential to the existence of a surrender value; the actual surrender of the contract with sixty days' notice to the company, or at least such notice and an exhaustion of all reasonable efforts to so surrender the policy, was passed over by the trial court, seemingly, as immaterial.    So on the face of the findings they do not support the judgment and no better support is found in the evidence. As the case stands, notwithstanding nonperformance of conditions requisite to impress upon the policy a surrender value, and no delivery of the policy into court for the use of appellant, a recovery was allowed and not even conditioned upon delivery of the policy to appellant or into court for its use, as before indicated.

It is the personal opinion of the writer that, in harmony with the law governing such situations as is here presented, the orderly way to dispose of this case is to reverse the judgment and remand the cause for dismissal with costs in favor of appellant.    However, it is the opinion of the court that since the notice, seasonably given, fully informed appellant that respondent intended to surrender the policy and the commencement of the action was an unmistakable election to efficiently stand by such intention, and the attitude of appellant from first to last shows that it would not under any circumstances have paid a surrender value to respondent without judicial coercion, but have insisted, as it did under the circumstances which in fact occurred, that the policy could not be surrendered without consent of Mrs. Hilliard, or satisfactory proof being given of her right having been extinguished by death or otherwise, the errors which resulted in the judgment are not really prejudicial to appellant, unless it is excessive or because it was not conditioned upon a

surrender of the policy to appellant, or into court for its use. Therefore the court entertains the opinion that the situation is analogous to failure to make a tender or a demand when the same is a condition precedent to the maintenance of an action and it clearly appears that a tender would not have been accepted or demand been complied with. On the whole, it is the opinion of the court that the situation should be governed by the rule that "the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Doubtless justice can be best promoted by giving the fullest effect which the court reasonably can to that beneficent statute, to the end that justice between litigants may be attained as speedily and economically as practicable. It has often been said here in terms or effect that regardless of how many errors may appear in proceedings resulting in a judgment, challenged upon appeal, and regardless of how plain or inexcusable such errors may appear, the judgment should not be disturbed except in so far as it may appear that the opposite party was or probably may have been prejudiced by such errors. I would personally vindicate the correctness of that rule by applying it in judicial work with the greatest practicable freedom. I would hesitate in this case, in that its application would seem to take from a party the benefit of objections legitimately made upon the trial and persisted in till this time, which had they been allowed would have been to his advantage in that it would have terminated the pending litigation in its favor instead of its being mulcted in the particular instance in costs. It seems by the trend of our decisions that is prejudice within the meaning of the statute. However, 'tis true that it is quite apparent appellant would never have paid the surrender value claimed without litigation attended with costs to the same extent as it will be bur-

denied in case a recovery should be now permitted. In that sense I fully agree that failure of the court to give appellant the advantage of the objections going to the infirmity of respondent's claim, in that the action was prematurely brought, has caused it no substantial injury.

A question is raised as to the amount of the surrender value of the policy, under any circumstances, at the time the action was commenced. In our judgment that is plainly fixed by the terms of the contract at the amount claimed by respondent. The language of the policy is very plain, that upon the performance of the specified conditions to which we have referred it shall have a surrender value of $162.09.

In harmony with what has been said it is the opinion of the court that a disposition of the appeal as indicated in the mandate will effectually cure, so far as any substantial injustice is concerned, all errors committed upon the trial.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to order judgment in plaintiff's favor as prayed for in the complaint, conditioned upon his delivering the policy to defendant within thirty days after the filing of the *remittitur* in the trial court, or within such time depositing it with the clerk of such court for the defendant and notifying it thereof, and in case such condition shall not be performed within such thirty days, then to render judgment in appellant's favor dismissing the cause with costs.

Upon a motion by the appellant for a rehearing there was a brief by *A. R. Bushnell,* appellant's attorney, and a brief in opposition by *C. M. Hilliard,* respondent, in person.

The motion was denied December 15, 1908. WINSLOW, C. J., took no part.