NATIONAL LIFE INSURANCE COMPANY OF THE UNITED STATES OF AMERICA vs. BRAUTIGAM and another, Appellants, and KELLER, Respondent.

*October 28—November 16, 1915.*
*April 15—May 2, 1916.*

*Life insurance: Right to change beneficiary: Married women.*

Sec. 2347, Stats. 1913, relating to the rights of a married woman who is the beneficiary of a life insurance policy, permits the insured, where the right to change the beneficiary is reserved, to change the beneficiary, though a married woman, in conformity with the terms of the reservation. *Hilliard v. Wis. L. Ins. Co.* 137 Wis. 208, followed.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge.    *Reversed.*

The deceased husband of *Elizabeth Keller* after his marriage to her made her a beneficiary in a policy previously made payable to his estate or to such beneficiary as he might designate.    The written request for and consent to such change contained this provision:

"The insured hereby reserves and is hereby granted the right, provided this policy has not been assigned, to change

the beneficiary or beneficiaries at any time during the continuance of the same, by filing with the company a written request to such effect, such change to take effect upon indorsement of the same upon the policy by the company."

Subsequently he, with the consent of the company, again made the policy payable to his estate, and later also, with the consent of the company, he made it payable to *Freda Brautigam* and *Amanda Keller,* children by a former marriage, and defendants herein. The last two changes of beneficiaries were made without the consent of his wife. The policy was a Wisconsin contract. Upon the death of her husband both the widow and the children mentioned claimed the policy. Upon motion of plaintiff it was allowed to pay the amount of the policy into court and the defendants were interpleaded. The court held that the changes of beneficiary made after the wife was made a beneficiary were void under sec. 2347, Stats. 1913, which reads:

"Any married woman may, in her own name or in the name of a third person as her trustee, with his assent, cause to be insured for her sole use the life of her husband, son or other person for any definite period or for the natural life of such person; and any person, whether her husband or not effecting any insurance on his own life or on the life of another may cause the same to be made payable or assign the policy to a married woman or to any person in trust for her or her benefit; and every such policy, when expressed to be for the benefit of or assigned or made payable to any married woman or any such trustee, shall be the sole and separate property of such married woman and shall inure to her separate use and benefit and that of her children, and in case of her surviving the period or term of such policy the amount of the insurance shall be payable to her or her trustee for her own use and benefit, free from the control, disposition or claims of her husband and of the person effecting or assigning such insurance and from the claims of their respective representatives and creditors."

And it adjudged that the widow was entitled to the policy. From a judgment entered accordingly the defendants *Freda Brautigam* and *Amanda Keller* appealed.

*J. O. Carbys,* for the appellants.

For the respondent there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, and oral argument by *Mr. Newcomb.*

The following opinion was filed November 16, 1915:

VINJE, J.     In *Ellison v. Straw,* 116 Wis. 207, 92 N. W. 1094, it was stated that sec. 2347, Stats. 1898, prevented a married woman who was made a beneficiary in an insurance policy either singly or together with the insured from assigning the policy.     In *Canterbury v. Northwestern M. L. Ins. Co.* 124 Wis. 169, 102 N. W. 1096, the statement was withdrawn, and it was held that both could jointly assign it either before or after the passage of ch. 376, Laws 1891.     In *Boehmer v. Kalk,* 155 Wis. 156, 144 N. W. 182, it was held that said chapter was not retroactive and hence it did not prevent the insured from changing the beneficiary in a policy issued before the chapter was enacted, though such beneficiary was a married woman.

In *Allen v. Cent. Wis. T. Co.* 143 Wis. 381, 127 N. W. 1003, the precise question here presented arose, namely, Can the insured under our present statute change the beneficiary, where she is a married woman, without her consent, in a policy reserving, with the consent of the company, such right? In that case it did not become necessary to decide it, and the question was expressly reserved for future determination.

The case of *Hilliard v. Wis. L. Ins. Co.* 137 Wis. 208, 117 N. W. 999, is specially relied upon as requiring an affirmative answer to the question.     In that case the question arose whether the insured could cancel the policy and receive its surrender value, the beneficiary being a married woman. The policy contained this proviso: "It is understood that in the event of the surrender of this policy the beneficiary hereunder shall have no claim whatever upon said company," and it was held that it did not come under the statute, and that it was competent to make such a proviso.     Without casting any

doubt upon the correctness of the decision in that case it is deemed best that the rule announced should not extend to a case where the policy has matured through the death of the insured. To so extend it would be to practically emasculate the statute, for its provisions could always be' nullified by a reservation and consent in the policy of the right to change the beneficiary. Sec. 2347 deals primarily with the rights of married women to benefits accruing under policies matured through the death of the insured. As to such benefits, they having once been legally made beneficiaries, the statute prevents their rights therein from being divested without their consent. It is quite evident from the different amendments to the statute discussed in the first two cases mentioned above that it was the legislative intent to prevent a married woman once made a beneficiary from being defeated, without her consent, of her rights as such in a matured policy. It may be quite a debatable question whether such a statute will ultimately inure to the advantage of married women because of its tendency to discourage their being made a beneficiary at all. But that is a legislative, not a judicial, question. Construing our present statute in the light of its history, it seems quite plain that it was intended to make the right of a married woman absolute once it attached and the policy was permitted to mature. The circuit court, therefore, properly held the widow entitled to the policy.

*By the Court.*—Judgment affirmed.

SIEBECKER, J., does not concur.

The appellants moved for a rehearing.

In support of the motion there was a brief by *J. O. Carbys,* attorney for appellants, and *Miller, Mack & Fairchild,* of counsel.

In opposition thereto there was a brief by *Rubin, Fawcett & Dutcher,* attorneys for respondent, and *Paul R. Newcomb,* of counsel.

The motion was granted on February 1, 1916, and the cause was reargued on April 15, 1916:

For the appellants there was a brief by *J. O. Carbys,* attorney, and *Miller, Mack & Fairchild,* of counsel, and oral argument by *Mr. Edwin S. Mack, Mr. J. G. Hardgrove,* and *Mr. Carbys.*

For the respondent there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, and oral argument by *Mr. Newcomb.*

A brief was also filed on behalf of the Northwestern Mutual Life Insurance Company by *Joseph R. Dyer* and *Olin,. Butler, Stebbins & Stroud.*

The following opinion was filed May 2, 1916:

VINJE, J.    Upon a reconsideration of the questions involved in the case at bar and a re-study of the principle of law announced in the case of *Hilliard v. Wis. L. Ins. Co.* 137 Wis. 208, 117 N. W. 999, we have reached the conclusion that the latter case logically governs this case; that the rule of the *Hilliard Case* should be adhered to; and that sec. 2347, Stats. 1915, should be held to permit the insured, where the right to change the beneficiary is reserved, to change the beneficiary though a married woman, in conformity with the terms of the reservation, but not otherwise.

As suggested in the former opinion, such construction will probably inure as much to the benefit of married women as the one first given the statute, and will, we are advised, protect a large number of contracts made with the understanding that a married woman could conditionally be made a beneficiary.

*By the Court.*—The judgment heretofore entered by this court is vacated, and the judgment of the circuit court is reversed and the cause remanded with directions to enter judgment in favor of *Freda Brautigam* and *Amanda Keller,* the appellants.