Shier, Respondent, vs. Village of Gillett, Appellant.

*February 11—March 10, 1925.*

*Pleading: Defective highways: Liability: Defenses available under a general denial: That county, not defendant village, has duty to maintain.*

In an action against a village for injuries to plaintiff's horse, caused by the defective condition of a highway, defendant could prove, under an answer which constituted a general denial, that the county was liable for the maintenance of the road as part of the state trunk highway system, under sec. 1317, Stats. 1917; and the burden was on plaintiff to allege and prove facts showing the liability of the village.

Appeal from a judgment of the circuit court for Oconto county: W. B. Quinlan, Circuit Judge. *Reversed.*

The action is brought to recover damages because of an injury to plaintiff's horse, sustained by reason of the alleged

defective condition of a highway in the village of *Gillett*. Main street is the principal business street in said village, and runs in an easterly and westerly direction. The highway had been reconstructed in the year 1915. It was surfaced with several inches of crushed rock, and during the greater portion of the year was smooth and hard, and considered a good road for the purposes of public travel. It was well known to the village authorities that during the spring of the year, while the frost was thawing out from the road, portions of said highway became soft and springy, so that while being used for travel by vehicles the roadway in places would move up and down in a rubberlike way, unquestionably due to the soggy condition of the soil underneath. At certain times when similar conditions existed, these soft spots were fenced in by barriers.

On the 3d day of April, 1920, while the plaintiff with his team of horses was passing over this road, one of his horses stepped through this concrete surface and into the subsoil underneath, a distance of about eight or nine inches, and in endeavoring to extricate himself struck his front foot with his hind foot, causing an injury so severe as to leave the horse practically useless thereafter.

The case was submitted to the jury on a special verdict, in which they found that the horse was injured by stepping on and into a soft, springy spot in the street at the time and place in question; that the street at the time and place in question was not in a reasonably safe condition for public travel; that such defect was the proximate cause of the injury to the horse; that the officers of the village knew of such lack of reasonable safety at such time; that by the exercise of reasonable diligence they could have made such street reasonably safe before said injury occurred; that said lack of reasonable safety existed for such length of time that the officers of the village, if they had exercised reasonable diligence, would have known of the same in time to have made such street reasonably safe before the plaintiff's

horse was injured; and that no want of ordinary care on plaintiff's part proximately contributed to the injury. Upon the verdict so rendered the court ordered judgment for the plaintiff, and upon the entry of such judgment the defendant has taken this appeal.

For the appellant there was a brief by *George Hoxie* of Gillett, attorney, and *Eberlein & Larson* of Shawano, of counsel, and oral argument by *M. G. Eberlein*.

*John B. Chase* of Oconto, for the respondent.

DOERFLER, J. Defendant's counsel contend that no negligence was shown on the part of the defendant, and that the court should have directed a judgment in its favor as a matter of law. It is also contended that plaintiff was guilty of contributory negligence as a matter of law. A careful examination of the evidence convinces us that that part of the verdict acquitting the plaintiff of contributory negligence and finding the defendant guilty of negligence is amply supported, if we assume that the defendant village is charged with the duty of maintaining this highway.

In his complaint the plaintiff alleges the existence of this highway in the village; that it was defective and out of repair; that such defect existed for a period of upward of three weeks prior to the time of the accident, during all of which time such defect was known to the village and its officers charged with the duty of inspecting and repairing highways, and that the officers wholly failed and neglected to repair the same. Then follows an allegation of the manner in which the accident happened, all substantially in harmony with the statement of facts heretofore recited. The defendant in its answer admitted the incorporation of the village and that Main street is an east-and-west highway running through said village. Further answering, the defendant denied each and every allegation contained in plaintiff's complaint, and further alleged that the injury was

caused by the negligence of the plaintiff, which proximately contributed to the happening of the injury.

This was the second trial of the action. On the first trial it was assumed by both parties that the obligation to maintain the highway rested on the village. Before any evidence was introduced on the second trial, the defendant moved to amend its answer by alleging that at the time of the injury the highway constituted a part of the state trunk highway, known as highway No. 22, which in law it was the duty of the county, and not of the village, to maintain. Plaintiff's counsel objected to this amendment upon the ground of surprise and that he would be unable to meet this allegation unless a continuance be granted. The court then notified defendant's counsel that if he insisted upon the amendment the case would be continued for the term. Upon such ruling of the court the amendment was withdrawn and the trial proceeded. While introducing evidence in behalf of the defense, defendant's counsel attempted to show that the highway in question was a state trunk highway and that the defendant was not charged with the duty, in law, to maintain said highway, and that the liability, if any existed, was the liability of the county. To the introduction of such evidence plaintiff's counsel duly objected and such objection was sustained by the court.

This raises the issue whether the defendant, under the state of the pleadings, could properly introduce evidence showing that it was the duty of the county and not of the village to maintain this highway, and that the liability, if any, was one with which the county was properly chargeable and not the village. We may assume that the complaint, liberally construed, charges the defendant village with the duty of maintaining the highway. The defendant, however, in its answer, merely admitted the incorporation of the village and the existence of the highway in the village. With the exception of these admissions the defendant's answer

constituted a general denial. That clearly raised an issue of the defendant's liability, and under this answer the defendant could properly prove that it was not charged with the duty of maintaining this highway and that it was guilty of no negligence in the premises. *Hilliard v. Wis. Life Ins. Co.* 137 Wis. 208, 117 N. W. 999; *Timp v. Dockham,* 32 Wis. 146; *Wheeler v. Billings,* 38 N. Y. 263; *Greenfield v. Massachusetts Mut. L. Ins. Co.* 47 N. Y. 430; *Weaver v. Barden,* 49 N. Y. 286; 1 Ency. Pl. & Pr. 817.

Sec. 1317 as it appears in the Statutes of 1919 worked a material change in the maintenance of certain highways constituting a part of the trunk system lying within a county, and, in accordance with the provisions thereof, made it the duty of the county to maintain these highways. Under said section of the statutes defendant's counsel attempted to prove that the highway in question was a part of such trunk system and that at the time of the injury the duty devolved upon the county to maintain the same in reasonable condition of repair. This the defendant was not permitted to show, and such refusal on the part of the court was error. Not only is the defendant authorized under his pleading to establish the facts so attempted to be proven, but it became the duty of the plaintiff, in order to establish his case, not only to allege the facts constituting a liability on the part of the village, but to prove the same.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions for further proceedings in accordance with this opinion.

On March 24, 1925, the mandate was amended to read as follows:

Judgment of the lower court is reversed, and cause remanded with directions for a new trial.