BECK, Appellant, vs. FIRST NATIONAL BANK OF MADISON, Respondent.

*April 16—July 7, 1941.*

*Sam S. Levitin* of Madison, for the appellant.

For the respondent there was a brief by *Spohn, Ross, Stevens & Lamb* of Madison, and oral argument by *Frank A. Ross*.

The following opinion was filed May 20, 1941:

FOWLER, J.    The action is brought to recover part of the proceeds of two life insurance policies paid to the bank on the death of the plaintiff's daughter.    The plaintiff is the named beneficiary in the policies.    The policies were duly assigned to the bank to secure a debt of the insured.    The complaint alleges and the answer admits that the amount due on the policies and paid to the bank on the insured's death was $3,159.56, and that the amount due on the $275 note of the insured hereinafter mentioned at the time of the payment of the policies to the bank was $299.49.    The plaintiff claims that the assignment was made to secure the bank for a loan of $275 made by the bank to the insured at the time of the assignment of the policy.    The bank claims that the assignment was made to secure not only that debt but all other debts of the insured to the bank that existed at the time of the assignment.    The debts owed by the insured at the time of the death of the insured amounted to more than the amount due and paid under the policies.    The plaintiff sued to recover the difference between the amount due on the $275 loan and the amount paid to the bank.

On trial to the court without a jury the facts were mostly stipulated.    On the stipulated facts, which the court found to exist and the evidence adduced, the court made formal findings of fact and on those facts dismissed the complaint. There is no bill of exceptions, so the question merely is

whether the findings and the record support the judgment. The stipulated facts are not incorporated in the findings and are therefore not a part of the record.

The court by its finding (2) expressly found that the insured on April 23, 1932, borrowed from the bank $275 and executed to the bank her promissory note therefor.

"That for the express purpose of securing said note and any other and all indebtedness . . . [of the insured] to the said defendant bank . . . [the insured] did at the same time deposit and deliver to the said defendant bank the insurance policies . . . [involved] together with absolute assignments of said policies . . . [on which the plaintiff was named as beneficiary]. The said assignments were so deposited and pledged to the said defendant . . . [bank] as collateral security for the payment of . . . [said $275 note] and likewise as collateral security for the payment of any other direct or indirect liability of the said . . . [insured] to the said bank, including the then existing indebtedness . . . [of the insured to the bank] which the court finds to be in excess of the sum of $4,500."

By its finding (3) the court found:

"That the officers of the defendant bank had no contract whatsoever with the said plaintiff herein Amelia O. Beck and no conversation with the said plaintiff, Amelia O. Beck in connection with the execution and delivery of the assignments of said policies of insurance; that such assignments were filled in by the officers or agents of the defendant bank upon forms prepared by the insurance company and delivered by the said bank to the said Edna J. Beck for the purpose of procuring the signature of the plaintiff thereon; that the signature of the plaintiff herein was procured by the said Edna J. Beck and said assignments were thereupon intrusted by the plaintiff herein to the said Edna J. Beck for disposition by her; that said assignments, together with the policies therein described were thereupon delivered to the said defendant bank by the said Edna J. Beck as security for the obligations herein described in the last-preceding paragraph; that the plaintiff herein in delivering such absolute assignment to Edna J. Beck her daughter, for delivery to the defendant herein clothed the

said Edna J. Beck with the apparent authority to pledge said policies of insurance and the interests of said plaintiff therein to the defendant bank for any and all obligations of the said Edna J. Beck to the said defendants herein."

By finding (4) the court found:

"The court specifically finds that the defendant bank had no notice of any limitation, if any, upon the authority of the said Edna J. Beck to pledge said policies and the interests of the said Edna J. Beck and the plaintiff therein, and that the defendant herein acted in good faith in accepting the pledge of said policies and the absolute assignments executed by the said Edna J. Beck and the said plaintiff herein, as collateral security for the payment of any and all obligations of the said Edna J. Beck to the said defendant bank."

The plaintiff's contention in effect is that as the plaintiff understood when she signed the consent to the assignment of the policies to the bank that the assignment was to secure the $275 loan made by the bank at the time of the assignment, the assignment secured no other debt, notwithstanding the fact expressly found by the court that the policies were delivered to the bank by the insured and by her pledged to secure all debts of hers then existing and thereafter incurred. In support of this contention plaintiff's counsel cites *Matz v. Farmers & Citizens Bank,* 218 Wis. 613, 261 N. W. 755; *Parr v. Northern Electrical Mfg. Co.* 117 Wis. 278, 93 N. W. 1099; *Finegan v. Prudential Ins. Co.* 300 Mass. 147, 14 N. E. (2d) 172. We perceive nothing in any of these cases to support the contention. Numerous text citations are given in plaintiff's brief, all which we have examined and are unable to discover that they are at all in point, in view of the court's express finding that the insured delivered the policies to the bank for the purpose of securing not only the $275 note but all her other debts.

While no decision of this court is called to our attention that directly holds, under the precise facts here involved, that an insured may assign an insurance policy on his own life with-

out the beneficiary's joining in the assignment or consenting thereto, there are several that upon parity of reason and upon like principle support that proposition. In *Clark v. Durand,* 12 Wis. *223, an assignment by one who insured his own life at his own expense for the benefit of his infant child who was named as beneficiary in the policy to a third person for the third person's benefit was upheld in a suit by the named beneficiary, although the infant beneficiary did not and could not assent to or join in the assignment. The rule of this case was applied in *Kerman v. Howard,* 23 Wis. 108, wherein the disposition by will of the proceeds of the policy of a husband who had insured his life for the benefit of his wife to his children in case his wife should not survive him was upheld in a suit by the infant son of the wife where the wife predeceased the husband. The rule of the *Kerman Case* was followed in *Foster v. Gile,* 50 Wis. 603, 613, 7 N. W. 555, 8 N. W. 217. In *Strike v. Wisconsin Odd Fellows Mutual Life Ins. Co.* 95 Wis. 583, 70 N. W. 819, the rule that an assignment of a policy by the insured during the life of the beneficiary without the consent or joinder of the beneficiary is valid was upheld. While the rule has been changed by statute in case of policies in which a wife is the beneficiary of her husband insured, the statute was held void as to such policies issued before its enactment, and the rule stated was followed in such situation in *Boehmer v. Kalk,* 155 Wis. 156, 144 N. W. 182. The rule of the early cases still obtains in cases wherein the insured and the beneficiary are not husband and wife.

Upon the reason of these cases the insured in the instant case could lawfully assign her policy to secure her debts without the consent or joinder of the mother. That the plaintiff beneficiary herein participated in the assignment did not affect the power of the insured to make such assignment. It is therefore immaterial whether she understood that the assignment was merely to collateralize the $275 loan. Nor is it material that in the instant transaction the bank as found by the court

prepared the assignment papers which contained place for the beneficiary's signature. That the insured had power to make the assignment involved regardless of the beneficiary's participation or knowledge or wishes disposes of the case. This is contrary to the general rule. See 37 C. J. p. 432, § 141, and cases cited under notes, but the rule of this state is of long standing and is a rule of property, and ought not to be changed except by statute, as was done where husband and wife are the insured and beneficiary.

As the above disposes of the case there is no need to discuss other matters suggested in the briefs.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on July 7, 1941.