OLDENBURG, Appellant, vs. CENTRAL LIFE ASSURANCE
SOCIETY and others, Respondents.

*March 11—April 13, 1943.*

The cause was submitted for the appellant on the briefs of *Hill, Beckwith & Harrington* of Madison, and for the respondents on the brief of *Moran & O'Brien* of Delavan.

MARTIN, J. The admitted facts, set out in the foregoing statement, present two questions of law: (1) Is the assignment of the life insurance policies (in view of sec. 246.09 (1), Stats.) valid as against plaintiff, the named beneficiary, she not having joined in the assignment? (2) Does the fact that after the assignment of the policies the husband and wife were divorced and no disposition of the insurance made by the judgment, and no change of beneficiary being made, affect the rights of plaintiff as the named beneficiary? The court below held the assignments valid; and so holding, did not pass upon the second question.

Appellant contends that the assignment of the life insurance policies is invalid, because under the conceded facts the nonjoinder of plaintiff (divorced wife) renders the assignment ineffective as to her, under the provisions of sec. 246.09 (1), Stats. The respondent bank contends that where the right to change the beneficiary is reserved the insured may assign the insurance policies as security for a debt without the consent of the named beneficiary. Sec. 246.09 (1) provides:

"Any married woman may, in her own name or in the name of a third person as her trustee, with his assent, cause to be insured for her sole use the life of her husband, son or other person for any definite period or for the natural life of such person; and any person, whether her husband or not, effecting any insurance on his own life or on the life of another may cause the same to be made payable or assign the policy to a married woman or to any person in trust for her or her benefit; and every such policy, when expressed to be for the benefit of or assigned or made payable to any married woman or any such trustee, shall be the sole and separate property of such married woman and shall inure to her separate use and benefit

and that of her children, and in case of her surviving the period or term of such policy, the amount of the insurance and all proceeds and avails therefrom shall be payable to her or her trustee for her own use and benefit, free from the control, disposition or claims of her husband and of the person effecting or assigning such insurance and from the claims of their respective representatives and creditors and from the claims of her creditors, whether or not the right to change the beneficiary was reserved or permitted by the terms of the policy. The amount of such insurance, proceeds and avails free from the control, disposition or claims of her creditors shall be limited to five thousand dollars. Nothing contained in this section shall be deemed to affect or impair the right of the insured or person effecting such insurance to change the beneficiary of a policy in accordance with the terms thereof, where such right has been reserved."

The policy provisions as to change of beneficiary and assignment of policy provide as follows:

*"Change of beneficiary.* When the right of revocation has been reserved, or in case of the death of any beneficiary under either a revocable or irrevocable designation, the insured, *subject to any existing assignment of the policy,* may designate a new beneficiary with or without reserving right of revocation by filing written notice thereof at the home office of the company, accompanied by the policy for suitable indorsement thereon. If any beneficiary shall die before the insured, and the insured shall not have designated a new beneficiary, the interest of such beneficiary shall be payable to the insured, his executors, administrators or assigns."

*"Assignment.* No assignment of this policy shall be binding upon the company until it or duplicate thereof be filed with the company at its said home office. The company assumes no responsibility as to the validity of any assignment."

It is conceded by appellant that sec. 246.09, Stats., permits, (1) a change of beneficiary by the husband, where that right is reserved in the policy, and (2) permits the husband to surrender the policy for its cash value, where that right is per-

mitted by the policy. The policies also permit the insured to assign same.

Where the policy does not reserve the right to change the beneficiary, the beneficiary acquires a vested interest in the policy which cannot be divested by any act of the insured, and under such circumstances the insured cannot assign the policy without the consent of the beneficiary. See cases cited in annotation, 60 A. L. R. 192. It has been held in sixteen jurisdictions, including United States supreme court cases, that where the policy reserves the right to change the beneficiary, or to assign it without the consent of the beneficiary, the insured may assign the policy without the consent of the beneficiary. See annotation, 60 A. L. R. 193.

Prior to the amendment of sec. 2347 (now sec. 246.09) by ch. 376, Laws of 1891, it was held in *Clark v. Durand,* 12 Wis. *223; *Kerman v. Howard,* 23 Wis. 108; *Foster v. Gile,* 50 Wis. 603, 7 N. W. 555, 8 N. W. 217; and *Strike v. Wisconsin O. F. M. L. Ins. Co.* 95 Wis. 583, 70 N. W. 819, that the insured husband had the right to dispose of a policy of insurance on his life, wherein his wife was the designated beneficiary, by will, assignment, or otherwise. After the amendment made by ch. 376, Laws of 1891, in *Ellison v. Straw* (1903), 116 Wis. 207, 213, 92 N. W. 1094, the court said:

"A purpose is clearly manifested by the amendment of 1891 to change the judicial rule which existed from an early day up to 1891, that the mere beneficiary named in a policy of insurance had no rights whatever which the assured was bound to respect, and it was overlooked in *Strike v. Insurance Co.,* and not sufficiently brought to our attention to lead to the necessary correction till *Rawson v. Milwaukee M. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378. . . . From what has been said it would seem that the dominant purpose of the whole course of legislation resulting in sec. 2347 as we now find it, has been to provide, not for married women, but for widows, and that the full scope thereof cannot be effected other than by holding a married woman powerless to in any manner, directly or in-

directly, assign insurance made for her benefit; *that she is as powerless in that regard as the person taking out the insurance for her benefit.*"

In *Canterbury v. Northwestern Mut. Life Ins. Co.* (1905) 124 Wis. 169, 195, 102 N. W. 1096, the court withdrew the statement made in the *Ellison Case, supra,* that both husband and wife were under disability to assign the policy.

In *National L. Ins. Co. v. Brautigam,* 163 Wis. 270, 273, 154 N. W. 839, 157 N. W. 782, in its *original* opinion the court said:

"Sec. 2347 deals primarily with the rights of married women to benefits accruing under policies matured through the death of the insured. As to such benefits, they having once been legally made beneficiaries, the statute prevents their rights therein from being divested without their consent. It is quite evident from the different amendments to the statute discussed in the first two cases mentioned above [*Ellison v. Straw, supra; Canterbury v. Northwestern Mut. Life Ins. Co., supra*] that it was the legislative intent to prevent a married woman once made a beneficiary from being defeated, without her consent, of her rights as such in a matured policy. It may be quite a debatable question whether such a statute will ultimately inure to the advantage of married women because of its tendency to discourage their being made a beneficiary at all. But that is a legislative, not a judicial, question. Construing our present statute in the light of its history, it seems quite plain that it was intended to make the right of a married woman absolute once it attached and the policy was permitted to mature."

On motion for rehearing, on the authority of *Hilliard v. Wisconsin Life Ins. Co.* 137 Wis. 208, 117 N. W. 999, the court reversed itself and held that sec. 2347, Stats. 1915, should be held to permit the insured, where the right to change the beneficiary is reserved, to change the beneficiary though a married woman, in conformity with the terms of the reservation, but not otherwise.

In *Beck v. First Nat. Bank of Madison* (1941), 238 Wis. 346, 350, 298 N. W. 161, the validity of an assignment of an insurance policy was in issue. However, sec. 246.09, Stats., was not involved as the policy was not on the life of a married man. The court did refer to the earlier Wisconsin cases, holding that a husband could assign insurance on his life, payable to his wife; and in that connection the court said:

"While the rule has been changed by statute in case of policies in which a wife is the beneficiary of her husband insured, the statute was held void as to such policies issued before its enactment, and the rule stated was followed in such situation in *Boehmer v. Kalk,* 155 Wis. 156, 144 N. W. 182. The rule of the early cases still obtains in cases wherein the insured and the beneficiary are not husband and wife."

At page 351 the court said:

"That the insured had power to make the assignment involved regardless of the beneficiary's participation or knowledge or wishes disposes of the case. This is contrary to the general rule. See 37 C. J. p. 432, sec. 141, and cases cited under notes, but the rule of this state is of long standing and is a rule of property, and ought not to be changed except by statute, as was done where husband and wife are the insured and beneficiary."

This latter statement was not necessary to a decision of the case and must be regarded as mere *dicta.*

Sec. 246.09, Stats., is but a declaration of the common law. The rights of the insured to change the beneficiary or to assign the policy, where such rights are reserved, are of long standing, and are a rule of property. In the instant case we are concerned only with the right to change the beneficiary or to assign the policy. Both rights were reserved. The insured assigned the policies before they matured. The assignments are valid, and plaintiff's motion for summary judgment was properly denied.

*By the Court.*—Order affirmed.