## BROWN *v.* POWELL.

[94 South. 457. No. 22913.]

1. INSURANCE. *Insured must state, in notice of change of beneficiary, reservation of right of revocation to again exercise right.*
   Where the name of the beneficiary in a life insurance policy is followed by the words "with right of revocation," and the policy provides that, "When the right of revocation has been reserved . . . the insured . . . may . . . designate a new beneficiary, with or without reserving right of revocation, by filing written notice thereof at the home office of the company accompanied by the policy for suitable indorsement thereon," the insured, when designating a new beneficiary, must state in the notice thereof filed with the insurance company that he reserves the right of revocation if he desires to again exercise such a right.

2. INSURANCE. *Meaning must be determined from terms of unambiguous insurance policy, irrespective of construction by parties.*
   Where the language of an insurance policy is plain and unambiguous, its meaning must be determined therefrom without reference to any construction which may seem to have been placed upon it by the parties thereto as evidenced by acts thereunder.

APPEAL from chancery court of Bolivar county.

HON. G. E. WILLIAMS, Chancellor.

Suit by Edgar Brown, executor, against Frances Lax Powell. From a decree of dismissal, plaintiff appeals. Affirmed.

*Shands, Elmore & Causey,* for appellant.

Appellee concedes in her brief, that Ben Powell, the insured, had the right, under the policy, to change the beneficiary from his estate to Willie V. Powell. This was the first change of beneficiary made in the policy; but appellee contends through her counsel that the insured exercised this right, and made this first change of beneficiary.

The insured was thereafter powerless as long as Willie V. Powell lived to again change the beneficiary without the consent of Willie V. Powell. It is further conceded by appellee, that when Willie V. Powell, the appellee therein, took a vested interest in the policy, her consent was necessary to divest her of this right. It is argued that all subsequent changes thereafter made of the beneficiary, were null and void and do not divest appellee of her right to the proceeds.

It being conceded that the insured had the right to make the first change of beneficiary, then we ask, where did the insured get such right? There is only one answer, and it is, because the insured is given the right to make such changes by the provision written in the very face of the policy.

That provision giving the insured the right to revoke the beneficiary is now in the policy, and has remained there, from the time the policy was first issued. Where each change of beneficiary was made the rights existing in the old beneficiary, and no more, were transferred to the new beneficiary. We see this in each instrument attached to the policy, changing the beneficiaries. If the insured had seen fit to deny himself of the right to change any beneficiary, he could have certainly said so, but he, and all beneficiaries named in the policy, have permitted the terms in the face of the policy to remain unchanged, and each beneficiary has accepted the designation "with right to revocation" written in the face of the policy. Counsel for appellee argues that because the insured did not say, in each instrument changing the beneficiary, that he reserved the right to change the beneficiary, that it must be inferred that the insured did not retain such right. The answer to such argument is that the insured had the right to change the beneficiary written in the face of the policy and such right by that provision was never changed, altered or stricken from the policy, by any act or deed of the insured. If the insured had the right to make the first change of beneficiary, and such is conceded, he had the right to make any subsequent change. This is the only conclusion that can be reached when the lan-

guage of the parties as expressed in the policy is given its ordinary meaning, and the provisions of the policy are construed together.

No denial is made in appellee's brief of our proposition, that if the insured had a right to displace the appellee as beneficiary, such change will be deemed by the court to have been made by unequivocal acts of the insured, when he made demand of her for the policy, and upon her refusal to surrender the policy, this suit was filed to perfect the change. Counsel for the appellee does not insist that proof exists in the record showing the mental incapacity of the insured or that undue influence was used on him, to cause him to make the last change of beneficiary. In fact, no undue influence is shown, nor is mental incapacity shown to exist, at the time the insured named the appellant the beneficiary in the policy.

The only question to be decided by this court, is whether or not the appellee took a vested interest in the policy, when she was named beneficiary therein, and a decision of that proposition will determine the rights of all parties to this litigation. We insist that a decision of that proposition for us or against us, will cause, in any event, a decree to be entered, in this court, and we respectfully insist that such decree should be entered in favor of the appellant.

*Sillers, Clark & Sillers,* for appellee.

Did Ben Powell, having taken out a policy payable to his estate, reserving the right unto himself to change the beneficiary and having exercised that right and designated appellee in strict accordance with the terms of the policy as the beneficiary thereunder, without reserving in such designation the right to revoke it, have a right to divest appellee of her vested interest in this policy?

The chancellor held: "That the said Frances Lax Powell having been named as beneficiary in the said policy of insurance by the deceased, Ben Powell, and the said change having been regularly and legally made and noted on the policy by the company, became and was vested with a

right to the proceeds of the said policy; and that the said Ben Powell, not having reserved the right to change the beneficiary so designated by him in accordance with the terms of the policy, had no right thereafter to change the beneficiary or to assign or dispose of the proceeds of the said policy unless by the consent of the said Frances Powell, the beneficiary named therein, either by changing the beneficiary or attempting to change it, by will or otherwise, and the court further finds that the said Frances Lax Powell is entitled to the proceeds of the said policy and that the said executor and trustee, Edgar Brown, is entitled to the proceeds of the said policy and that no other person than Frances Lax Powell has any interest whatever in the proceeds of said policy."

There being no testimony in the case proving or tending to prove that the appellee consented to the change in beneficiary whereby Bernice Powell was sought to be given a one-half interest in the policy, we respectfully submit that this decision of the chancellor was absolutely correct and in accordance with the weight of authority in this and other states.

The argument set up by learned counsel for the appellant in their brief, that because in the form of the policy the printed form reads: "with . . . right of revocation" that it was clearly the intention of the parties that whenever a beneficiary was to be named without right of revocation that the word "out" would be written in the space following word "with" appears to us to be too far-fetched to warrant serious argument in this court. The original policy is before the court and the court can very readily see by a glance at it that this word "with" was just simply printed there for the convenience of the party filling out the form and the idea attempted to be set up by counsel is absolutely negatived by the reading of section 8 of the policy itself which shows that a new beneficiary may be designated with or without reserving the right of revocation, and that such change shall take effect when endorsed on the policy by the company and not be-

fore, and the very policy itself before the court shows that the method by which the new beneficiary was designated was to attach to the policy as a part thereof the written designation signed and acknowledged by the insured.

The law governing the vested rights of the beneficiary designated without right of revocation in insurance policies in this state is so well settled that we are not going to burden this court with citations of any cases other than Mississippi cases. The most exhaustive cases considering this subject are the cases of *Johnson* v. *Bacon,* 92 Mis. 156; *Mutual Benefit Life Ins. Co.* v. *Willoughby,* 99 Miss. 98; *Lamar Life Ins. Co.* v. *Moody,* 122 Miss. 99; *Bank* v. *Williams,* 77 Miss. 398, and the long list of cases cited therein.

From the reading of these decisions the court will see that it is a well established principal of insurance law that in ordinary life insurance policies, where no power of disposition is reserved in the insured, the beneficiary under the policy, upon the issuance of the policy, acquired a vested right therein which cannot be impaired or defeated without the consent of such beneficiary.

So upon the issuance of this policy payable to his estate with right to change the beneficiary, no vested interest was conveyed thereby to his estate, but upon his exercising his right of revocation and naming a new beneficiary without reserving the right of revocation that the beneficiary so designated, immediately upon the change being noted on the policy by the company, acquired a vested interest in the policy.

Counsel in his brief quotes from the case of *Insurance Company* v. *Moody,* 122 Miss. 99. We call the court's particular attention to that case ourselves, and a reading of that case will show the court that it does not hold anything contrary to our contention in this case. We quote the court from the published brief of counsel for appellant as to what the question in that case was. "It is our contention that whenever, in any contract of life insurance the applicant and insured reserves in the application,

which becomes a part of the contract of insurance, the right to change the beneficiary, then and in that event, the interest of the beneficiary first named is not vested, but contingent."

We have no contention to make on this proposition whatever, and submit that this correctly states the law, and further admit that if appellee had been named as beneficiary originally in the policy as it was written, she would not have a vested right in the policy, but such was not the case. Counsel, on page 19 of his brief, cites Cooley's Briefs on the Laws of Insurance, Vol. 4, page 3755: "If, however, the policy reserves to the insured the right to change the beneficiary with the assent of the insurer, the beneficiary first designated does not take a vested interest."

We submit to the court that these very two authorities sustain our position in this matter, to-wit: That the first beneficiary named did not take a vested interest, but had a contingent interest. The appellee, however, did have a vested interest in the policy. .

SMITH, C. J., delivered the opinion of the court:

Ben Powell exhibited an original bill in the court below against the Lincoln Reserve Life Insurance Company of Birmingham, Ala., and Frances Lax Powell, alleging, in substance, that on December 5, 1913, the Afro-American Life Insurance Company, which afterwards became the Lincoln Reserve Life Insurance Company, issued to Ben Powell a policy of insurance upon his life in the sum of two thousand dollars, the language therein designating the beneficiary reading as follows: "My estate beneficiary with right of revocation." Section 8 of the stipulations of the policy styled "Benefits and Provisions" reads as follows:

"Change of Beneficiary.—When the right of revocation has been reserved, or in the case of the death of any beneficiary under either a revocable or irrevocable designation, the insured, if there be no existing assignment of the policy

made as herein provided, may, while the policy is in force, designate a new beneficiary, with or without reserving right of revocation, by filing written notice thereof at the home office of the company accompanied by the policy for suitable indorsement thereon. Such change shall take effect when indorsed on the policy by the company and not before. If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured."

On December 15, 1915, Willie V. Powell, the wife of the insured, was substituted as the beneficiary in the policy in accordance with the provisions thereof for changing the beneficiary. Willie V. Powell died, and Ben married Frances Lax, who was substituted as a beneficiary in the policy on April 4, 1921. On July 1, 1921, the beneficiary was again changed by Ben, with the approval of the company indorsed on the policy, so as to make the policy payable to Frances Lax Powell and Bernice Powell, a daughter of the insured. Neither the notice to the company that the insured desired to make Frances Lax Powell the beneficiary in the policy, nor that he desired to join Bernice Powell therein with Frances Lax Powell, reserved to the insured the right of revocation. The insured again attempted to change the beneficiary so as to make Edgar Brown the beneficiary therein as trustee for the insured's sister, Charity Davis, and Bernice Powell, his daughter, but Frances Lax Powell, in whose possession the policy was, declined to surrender it, so that the change in the beneficiary could be indorsed thereon.

The prayer of the bill is that Frances Lax Powell be directed to surrender the policy, and that Edgar Brown be substituted as beneficiary therein as trustee for Charity Davis and Bernice Powell. While this cause was pending Ben Powell executed a will by which he devised the proceeds of the policy to Edgar Brown in trust for Charity Davis and Bernice Powell. Before the cause was disposed of Ben Powell died, and the cause was revived in the name of Edgar Brown as executor and trustee under the will. The insurance company answered the bill, admitting the

right of Ben Powell to substitute his sister and daughter as beneficiaries in the policy, and offering to pay the amount thereof to whomsoever the court should direct. Frances Lax Powell answered, denying that Ben Powell had the right to change the beneficiary in the policy from herself as sole beneficiary therein to herself and Bernice Powell jointly, or had the right to make the change now sought to Edgar Brown as trustee. The cause was submitted on bill, answer, and proof, and a decree was rendered, dismissing the bill and directing the insurance company to pay to Frances Lax Powell the amount due by it under the policy. From this decree the executor has appealed to this court. The only other fact necessary to be set out is that when Ben Powell notified the insurance company that he desired to make Bernice Powell a joint beneficiary therein with Frances Lax Powell, his intention so to do was known to the latter, and she made no objection thereto.

The contention of counsel for the appellant is that the right reserved to the insured in the policy to revoke the beneficiary therein was not exhausted by the first substitution of a beneficiary, that is by the substitution of Willie Powell as beneficiary, but that each substituted beneficiary in the policy takes only the right enjoyed by his predecessor, that is, the right to collect the proceeds of the policy in the event his appointment as beneficiary is not revoked by the insured. The contention of counsel for the appellee is that the right of revocation reserved to the insured is simply to revoke the designation of the beneficiary made in the policy and is exhausted when exercised unless it is reserved anew with each substitution of a beneficiary. We are not called on to decide which of these contentions would be correct if the right of the insured to change the beneficiary was dependent alone on the reservation thereof immediately following the designation in the policy of the original beneficiary. For the provision of section 8 of the "benefits and provisions" clauses that "the insured . . . may . . . designate a new beneficiary, with

or without reserving right of revocation, by filing written notice thereof at the home office of the company," clearly contemplates that the notice filed at the home office shall set forth both the name of the new beneficiary, and whether the insured intends to make the change "with or without reserving right of revocation." From which it necessarily follows that if the notice does not reserve the right of revocation, the insured is without power to thereafter exercise it.

One of the contentions of counsel for the appellant seems to be that the meaning of the revocation clause of the policy should be determined by the construction which the parties thereto, including Frances Lax Powell, placed on it when Bernice Powell was substituted as a beneficiary therein, that is, that Ben Powell had the right to substitute a new beneficiary without the consent of the old beneficiary. The rule here invoked has no application, for the reason that the language of the policy, providing for the appointment of a new beneficiary "with or without reserving right of revocation, by filing written notice thereof at the home office of the company, etc., is plain and unambiguous.

*Affirmed.*