## HINTZ v. HINTZ.
### No. 5428.

Circuit Court of Appeals, Seventh Circuit.
June 13, 1935.

Rehearing Denied July 29, 1935.

Norman J. Baker, of Milwaukee, Wis., for appellant.

Herman M. Knoeller, of Milwaukee, Wis., for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

Alvin L. Hintz, the insured, a resident of Wisconsin, took out a life insurance

policy with the Central Life Assurance Society for the sum of five thousand dollars. The beneficiary named therein was his brother, William Howard Hintz. The insured was then unmarried. Later he changed the beneficiary from his brother to his wife, Ruth E. Hintz, the appellee. Subsequently, he changed or attempted to change the beneficiary from his wife (appellee) to his sister, the appellant.

The policy contained the following provisions respecting the insured's right to change his beneficiary:

"Central Life Assurance Society * * * Agrees to pay * * * to Alvin L. Hintz * * * if the Insured be then alive, or upon receipt of due proof of the prior death of the Insured to William Howard Hintz beneficiary with right of revocation of Beneficiary reserved to the Insured."

Paragraph 10 of the policy reads:

"When the right of revocation has been reserved, or in case of the death of any Beneficiary, under either a revocable or irrevocable designation, the Insured, subject to any existing assignment of the Policy, (a) may designate (1) one or more new Beneficiaries with or without reserving the right of revocation; (b) may designate (1) one or more Conditional Beneficiaries; and (c) may change any Beneficiary not irrevocably designated. Unless the Insured shall direct otherwise, (1) the interest of a deceased Beneficiary, where more than (1) one has been named, shall pass to the survivor or survivors; (2) the Conditional Beneficiary or Beneficiaries shall succeed upon satisfactory proof of the death of the last surviving Beneficiary to all the interest of which such Beneficiary died possessed; (3) the interest such Beneficiary or Beneficiaries, if living, would have had, shall be payable to the estate of the Insured, if no Beneficiary or Conditional Beneficiary shall survive the Insured. No designation, change or revocation of the Beneficiary or Beneficiaries shall be effective except and until a written notice thereof is filed at the Home Office of the Society, accompanied by the Policy for suitable endorsement prior to or at the time this Policy shall become payable."

The language of the agreement before us leaves little room for doubt as to the intention of the contracting parties.

The insurance company drew the contract, and the insured is therefore entitled to a construction of any ambiguous provisions favorable to himself. Aschenbrenner v. United States Fidelity & Guaranty Co., 292 U. S. 80, 54 S. Ct. 590, 78 L. Ed. 1137. That he reserved the right to change the beneficiary cannot be doubted. This is not denied by appellee. In fact her right to recover is predicated upon insured's power to make one change in beneficiaries. She contends, however, that insured's right to change the beneficiary is limited to one change. In other words, it is appellee's contention that the language of the policy authorized the insured to make the first change of beneficiary, but no authority existed for a second change in view of insured's failure to make such reservation when his first change in beneficiary was made.

She also argues that the Wisconsin statute (section 246.09) further limits a husband's right to change the beneficiary when the beneficiary is a married woman, and that such statutes govern this case.

The two questions determinative of this appeal may, therefore, be stated thus:

(1) May the insured holding a policy containing the above-quoted provisions change the beneficiary or beneficiaries named therein more than once without at the time each change is made specifically reserving the right to again change the beneficiary?

(2) Under the Wisconsin statute is the insured's right to change beneficiaries limited, restricted, or prohibited because the beneficiary sought to be changed is the insured's wife?

The following propositions are so well settled that their statement hardly needs the support of judicial citations.

(a) In the absence of a reservation in the insurance policy authorizing a change in beneficiaries no right of change exists. 14 R. C. L. "Insurance," page 1387.

(b) Where the right to change beneficiaries is reserved, the language of the reservation clause must determine the extent of the right.

(c) Where the insurance contract contains, as here, numerous provisions deal-

ing with beneficiaries and changes of beneficiaries, the courts must construe all of them together and give effect if possible to all provisions. Cyclopedia of Insurance Law, Couch, Vol. I, § 173.

▮ In the instant case it is clear that the insured reserved the right to change the beneficiary. Hardly less debatable is the contention that the reservation appearing in the main body of the contract was unlimited in scope. This provision reads: "To William Howard Hintz beneficiary *with right of revocation of Beneficiary reserved to the Insured.*"

Such doubt as may arise is traceable to paragraph 10 which was by the provisions of the main contract made a part of the insurance policy contract. The right of revocation is there also clearly reserved, but appellee insists that the reservation is limited to the designation of "one or more new Beneficiaries *with or without reserving the right of revocation.*" The italicized words just quoted are unnecessarily provocative of doubt and dispute.

What are the implications of the words "with or without reserving the right of revocation"? In view of the preceding verb and object, does it add to or subtract from the grant of authority? Has it any purpose—other than to confuse? Read in the light of the general grant of authority—the unqualified reservation in the main part of the insurance contract —should these words be construed as words of limitation?

Appellee cites three cases to support her contention. Brown v. Powell, 130 Miss. 496, 94 So. 457; Sampson v. United States (D. C.) 1 F. Supp. 95; Reed v. Commissioner, 24 B. T. A. 166. The last two, we think, are more or less dependent upon the first. Appellant attempts to distinguish all three cases on the ground that the reservation clauses are not identical and that the differences are sufficient to justify a different conclusion. Her point of distinction is that the language of the revocation clause under consideration in Brown v. Powell necessitated the giving of a written notice which contained (a) the name of the new beneficiary and (b) a statement to the effect that the change was made either reserving or not reserving the right of revocation. Appellant points out that no

notice as to future reservation is required by paragraph 10, and therefore no implied limitation of insured's right to change the beneficiary's identity exists.

We agree with the position that the reserved right of revocation appearing in the first clause was neither expressly nor impliedly limited by paragraph 10. To hold otherwise would be to place a construction on the contract which would be contrary to the implication arising from the express reservation. That the insured desired the right to change his beneficiaries is clear. On such assumption, we can conceive of no reason which would justify a court in assuming that insured intended such reservation to apply only to one change in beneficiaries. Where the right to change beneficiaries is reserved, it would seem more rational to require that any limitation on the number of possible changes to be effective should be expressly set forth.

Some confirmation of this conclusion may be found in paragraph 10 (c). This paragraph 10 deals with numerous situations. In the first place it deals with the case where the right to change beneficiaries has been reserved. The second clause of the first sentence deals with a case where the beneficiary has died. Subdivision (b) deals with the designation of one or more conditional beneficiaries (not applicable to this case). Subdivision (c) then recognizes the right of the insured to change a "beneficiary not irrevocably designated" as a beneficiary. A fair construction of this subdivision (c) necessitates the recognition of an absolute right on the part of the insured to change beneficiaries except where he has made an irrevocable designation. The two words "irrevocably designated" necessitate affirmative action. They necessitate both the designation and a statement that the said designation is irrevocable. They negative implied irrevocability. This construction is in harmony with the unqualified grant of the right to revoke which appears in the first paragraph of the insurance policy and which must be given consideration in construing paragraph 10.

▮ The answer to the second question propounded above must be made in the light of the decisions of the Wisconsin Supreme Court construing section 246.-

09 of the Wisconsin Statutes. This statute has been twice amended. Before the two amendments hereinafter considered, it was construed by the Wisconsin Supreme Court in Hilliard v. Wisconsin Life Insurance Co., 137 Wis. 208, 117 N. W. 999; National Life Ins. Co. v. Brautigam, 163 Wis. 270, 157 N. W. 782; and Christman v. Christman, 163 Wis. 433, 157 N. W. 1099. In National Life Insurance Co. v. Brautigam, the court said:

"Upon a reconsideration of the questions involved in the case at bar and a restudy of the principle of law announced in the case of Hilliard v. Wis. Ins. Co., 137 Wis. 208, 117 N. W. 999, we have reached the conclusion that the latter case logically governs this case; that the rule of the Hilliard Case should be adhered to; and that section 2347, Stats. 1915, should be held to permit the insured, where the right to change the beneficiary is reserved, to change the beneficiary, though a married woman, in conformity with the terms of the reservation, but not otherwise."

The statute as it existed when these decisions were announced unquestionably gave to the insured the right to change the beneficiary if the right were reserved even though said beneficiary were a married woman. The two amendments which have been enacted since this construction was given to the statute by the Supreme Court of Wisconsin were both passed after the policy in question was issued.

The rights of the parties were fixed when the contract was executed. No change in the statute could therefore validly affect such vested rights. Boehmer v. Kalk, 155 Wis. 156, 144 N. W. 182, 49 L. R. A. (N. S.) 487. In view of this conclusion it becomes unnecessary to consider the effect of either amendment, or construe the statute or consider its validity when applied to a policy issued after the enactment of the amendment.

A like amendment to a Massachusetts statute was construed in Mutual Life Insurance Co. v. Corodemos (D. C.) 7 F. Supp. 349, as not affecting the insured's right to change beneficiaries even though the designated beneficiary was his wife.

The decree is reversed with directions to try the fact issues presented by the pleadings and to enter a decree accordingly.