**CONTINENTAL ASSUR. CO.**

v.

**CONROY et al.**

**No. 11139.**

United States Court of Appeals
Third Circuit.

Argued Nov. 20, 1953.

Decided Jan. 26, 1954.

As Amended Feb. 12, 1954.

Louis B. LeDuc, Camden, N. J., for appellant.

William Reich, Trenton, N. J., Alexander Denbo, Burlington, N. J., for appellees Samuel Lippincott, Estate of James Murphy, Ernest Sutton, Alice McCune, Elizabeth Dunn and Rebecca Neïdich.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

This is an appeal from a Judgment of the United States District Court for the District of New Jersey denying a motion for summary judgment made by the subsequently described appellants.* The un-

disputed facts are comprehensively detailed in the Opinion of the District Court.[1] For the purposes of this appeal they may be summarized as follows:

The Continental Assurance Company issued a $25,000 convertible term life insurance policy to Dr. John S. Conroy on July 12, 1929. The policy contained the following provisions respecting the insured's right to change his beneficiary:

"The Continental Assurance Company. * * * agrees to pay Twenty Five Thousand Dollars immediately upon receipt at its Home Office of due proof of the death * * * of John S. Conroy (hereinafter called the Insured) to The Estate of the Insured, (designated as Beneficiary with The right on the part of the Insured to change the Beneficiary) upon surrender of this policy properly released." [2]

"Change of Beneficiary—When the right to change the beneficiary has been reserved, or in the event of the death of any beneficiary, the Insured may designate a new beneficiary, with or without reserving the right of change, by filing written notice thereof at the Home Office of the Company, accompanied by this policy for suitable endorsement. The rights of such new beneficiary shall be subject to any existing assignment of this policy made as herein provided." [3]

On August 29, 1929, the insured executed his first change of beneficiary, naming Leona Conroy (his wife), John S. Conroy, 3rd, and Robert Conroy (his sons), and Lois Anne Conroy (his daughter), without expressing any reserved

---

* The appellants in an interpleader action in the District Court presented cross-claims expressed in three counts; the first two raised questions of law only—the right of the insured under the policy to change beneficiaries; the third an issue of fact—the mental incapacity of the insured when he changed beneficiaries and undue influence and misrepresentation by the insured's son. The District Court's denial of their motion for summary judgment on the first two cross-claims presenting questions of law was converted into a final judgment on appellant's uncontested application under Rule 54(b) of

the Federal Rules of Civil Procedure, 28 U.S.C., showing that trial of the third cross-claim involving a factual issue would prove long and expensive and that there was no just reason for delaying the entry of final judgment on the first two cross-claims.

1. Continental Assurance Company v. Conroy, D.C.D.N.J.1953, 111 F.Supp. 370.

2. This clause appeared on the face page of the policy.

3. This clause appeared on the second page of the policy under the caption "Privileges".

rights to change these beneficiaries. Thereafter, a number of changes of beneficiaries were made. In some of the changes a right to change the beneficiary was expressly reserved, while in others this right was not so reserved. On March 29, 1938, the insured assigned the policy to the First National Bank and Trust Company of Beverly, New Jersey and Howard Eastwood. This was followed on April 7, 1938, by having these two assignees designated as beneficiaries in the policy. The language of the application for this change of beneficiary was as follows:

" * * * the Insured hereby revokes all former designations of Beneficiary under said policy and, in lieu thereof * * * hereby changes the Beneficiary * * * to First National Bank and Trust Co., of Beverly, New Jersey and Howard Eastwood, co-trustees (assignees) under trust agreement (assignment) dated March 29th, 1938. * * * The change of Beneficiary hereby made is with the right of the Insured to make further change of Beneficiary * * *."

On April 18, 1938, the insured executed a declaration of trust in which the family of the insured, employees, and creditors were made beneficiaries of the trust created by the aforementioned assignment. Then, another series of changes of beneficiaries followed, culminating in the designation of named creditors and John S. Conroy, 3rd, on January 28, 1950. The insured died on March 30, 1951. Conflicting claims presented to the Continental Assurance Company resulted in its filing an interpleader action in the District Court.

The suit brought into collision two sets of claims. The appellants (the widow, daughter and Robert Conroy, a son of the insured) contended that since the insured failed to reserve the right to make further changes of beneficiary when he made his first substitution on August 29, 1929, any later designations were to no avail. Alternatively, the appellants claimed that the assignment of the policy to trustees for the benefit of appellants and others, accompanied by a change of beneficiary in favor of the trustees, cut off the power to make subsequent changes of beneficiary. Appellees are creditors of the insured, five of whom were designated as beneficiaries by the insured on January 28, 1950 and one by a substitution which occurred on October 21, 1948. The appellants' motion for summary judgment was denied, the District Court ruling (1) the insured's right to change beneficiaries was not lost through the failure to specifically reserve this right when he designated his wife and three children as beneficiaries on August 29, 1929, and (2) even after the assignment of the policy to the trustees, accompanied by the designation of such trustees as beneficiaries and the declaration of trust, the insured retained the right to change his beneficiaries.

Appellants here press their contention that when the insured, on August 29, 1929, substituted them as beneficiaries under the policy in place of his estate, without specifically reserving the right to make future changes, his right to substitute another beneficiary was ended. They cite Sampson v. United States, D.C. D.Mass.1932, 1 F.Supp. 95; Reed v. C. I. R., 1931, 24 B.T.A. 166; Brown v. Powell, 1923, 130 Miss. 496, 94 So. 457. The rationale behind these cases, which considered language quite similar to that found in the instant policy, is that the opening phrase of the policy which grants the right to the insured to change the beneficiary authorizes only one such change. Subsequent changes are permitted by the later appearing paragraph (in the present policy styled "Change of Beneficiary") only when the right to change is reserved in a prior substitution or in the event of the death of the designated beneficiary. A later decision of the Court of Appeals for the Seventh Circuit, Hintz v. Hintz, 1935, 78 F.2d 432, 433, is in conflict with these decisions. The policy involved in that case contained provisions almost identical to

those found in the one now under consideration. The first clause read as follows:

"Central Life Assurance Society * * * Agrees to pay * * * upon receipt of due proof of the prior death of the Insured to William Howard Hintz beneficiary with right of revocation of Beneficiary reserved to the Insured."

Paragraph ten of the policy provided:

"When the right of revocation has been reserved, or in case of the death of any Beneficiary * * * the Insured * * * may designate * * * new Beneficiaries with or without reserving the right of revocation * * *."

It was contended that the language of the policy authorized the insured to make one change of beneficiary, but that no authority existed for a second change in view of the failure of the insured to reserve the right to make such change when the first substitution of beneficiary was made. The District Court there held that this contention was meritorious and entered an appropriate decree. On appeal, however, the judgment was reversed, the Appellate Court stating, 78 F.2d at page 434:

"We agree with the position that the reserved right of revocation appearing in the first clause was neither expressly nor impliedly limited by paragraph 10. To hold otherwise would be to place a construction on the contract which would be contrary to the implication arising from the express reservation. That the insured desired the right to change his beneficiaries is clear. On such assumption, we can conceive of no reason which would justify a court in assuming that insured intended such reservation to apply only to one change in beneficiaries. Where the right to change beneficiaries is reserved, it would seem more rational to require that any limitation on the number of possible changes to be effective should be expressly set forth."

In the instant case, as Chief Judge Forman stated in his opinion [111 F.Supp. 376], "It is clear that under New Jersey law a beneficiary of a life insurance policy takes a vested interest in the proceeds payable at the death of the insured, which interest is defeasible only to the extent provided in the policy" and "* * * that the insured may reserve in his policy the right to affect the interest of the beneficiary * * * and (further) that the interest of the beneficiary arises out of the contract of insurance and is measured by its terms".

Thus the crux of the issue presented is the meaning of the insured's reservation in his policy of the right to change his beneficiary.

In the absence of any New Jersey authority interpreting similar clauses relating to rights to change of beneficiary the District Court was compelled, as we are, to resort to general applicable principles to reach a decision consistent with New Jersey law. We are of the opinion that the District Court did not err in subscribing to the view expressed in Hintz v. Hintz, supra, which is in consonance with the well-settled rule of construction that since the phraseology in an insurance policy is chosen by the insurer, where such language is reasonably open to two constructions, that more favorable to the insured—according him the most flexible privilege—will be adopted. Aschenbrenner v. U. S. Fidelity & Guaranty Co., 1934, 292 U.S. 80, 54 S. Ct. 590, 78 L.Ed. 1137; Stipcich v. Metropolitan Life Ins. Co., 1928, 277 U. S. 311, 48 S.Ct. 512, 72 L.Ed. 895.

Further, the District Court's disposition gives effect to the well-established principle that in construing an ambiguous contract the conduct of the parties in relation to such contract is to be considered in determining its meaning and is persuasive evidence of the actual, practical construction which the parties have placed upon the contract and its meaning. Smyth v. Board of Commissioners, D.C.E.D.La.1949, 87 F. Supp. 138, affirmed, 5 Cir., 1951, 187 F. 2d 11, certiorari denied, 1951, 342 U.S.

821, 72 S.Ct. 39, 96 L.Ed. 621; Pacific Portland Cement Co. v. Food Machinery & Chemical Corp., 9 Cir., 1949, 178 F.2d 541; Lawrence Nat. Bank v. Rice, 10 Cir., 1936, 82 F.2d 28; Cinema Patents Co., Inc., v. Craft Film Laboratories, Inc., 3 Cir., 1933, 64 F.2d 42; Restatement, Contracts, Sec. 235(c) (e).[4] Here, numerous acceptances by the insurer of the insured's changes of beneficiary, without regard to whether the right to change had been reserved in a prior substitution, manifest an understanding that no such reservation was necessary.

In accordance with the above we are of the opinion that the District Court properly held that the right of John S. Conroy to change beneficiaries was not exhausted by the change from his estate to his wife and three children on August 29, 1929, without specifically reserving the right to change beneficiaries.

The appellants also contend that the assignment to the trustees could not be affected by any subsequent act of the insured unless approved by the trustees and all the beneficiaries named in the declaration of trust executed on April 18, 1938. However, this contention must likewise fail. It has long been the law in New Jersey that there are two sets of interest in an insurance policy; that of the beneficiary to the proceeds of the policy if he survives the insured, and that of the insured's representatives to the proceeds of the policy if the insured outlives the beneficiary. Sullivan v. Maroney, 1909, 76 N.J.Eq. 104, 73 A. 842, affirmed 1910, 77 N.J.Eq. 565, 78 A. 150. Moreover, a beneficiary is said to take a vested interest which can be defeated only by a change of beneficiary made in accordance with the procedure specified in the policy. Phoenix Mut. Life Ins. Co. v. Connelly, 3 Cir., 1951, 188 F.2d 462. When the insured in the present case assigned his policy to the trustees he made no attempt to comply with the provisions of the policy concerning the substitution of beneficiaries. Therefore, all that was transferred to the trustees, by virtue of this assignment, was the contingent interest of the insured's representatives to the proceeds of the policy in the event that the insured outlived the beneficiary. The insured's subsequent application for the change of beneficiary in favor of the trustees included an express reservation of the right to make further changes in futuro. Such a reservation constitutes convincing evidence of an intent on the part of the insured that the insurance trust be a revocable one. As the District Court said at page 382 of 111 F.Supp. of its opinion:

"The means of revocation was to be by changing the beneficiary from the trustee to another. The beneficiaries under the trust took an interest subject to that contingency * * *. Confirmatory of the insured's notion that he retained the right to destroy this trust were the numerous subsequent changes of beneficiaries." Continental Assurance Co. v. Conroy, D.C.D.N.J.1953, 111 F.Supp. 370.[5]

For the reasons stated the Judgment of the District Court will be affirmed.

---

4. Restatement, Contracts Sec. 235 provides:

"Rules Aiding Application of Standards of Interpretation * * * (c) A writing is interpreted as a whole and all writings forming part of the same transaction are interpreted together * * * (e) If the conduct of the parties subsequent to a manifestation of intention indicates that all the parties placed a particular interpretation upon it, that meaning is adopted if a reasonable person could attach it to the manifestation."

5. Scott on Trusts, Vol. I, Sec. 84.1 (1939) referring to Insurance Trusts states on page 458:

"As has been stated, the beneficiary of an insurance policy can hold his interest in the policy in trust for another. This is true even though the insured reserves power to change the beneficiary. The beneficiary nevertheless has a present interest under the policy, a chose in action, although his interest can be divested at any time by the insured."