Stanley GERR and Carl Gerr, a Minor
by Stanley Gerr, His Guardian,
Appellants,

v.

Harry William EMRICK and Pennsylva-
nia Turnpike Commission.

No. 13119.

United States Court of Appeals
Third Circuit.

Argued April 20, 1960.

Decided Oct. 10, 1960.

Macey E. Klein, Harrisburg, Pa. (Solomon Hurwitz, Hurwitz, Klein, Meyers & Benjamin, Harrisburg, Pa., on the brief), for appellants.

James K. Thomas, Harrisburg, Pa. (Heath L. Allen, Francis J. O'Gorman, Jr., Hull, Leiby and Metzger, Harrisburg, Pa., on the brief), for appellee Pa. Turnpike Commission.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

Is the Pennsylvania Turnpike Commission endowed with the attributes of the sovereign immunity of the Commonwealth of Pennsylvania with respect to actions for personal injuries and property damage on the Commission's alleged negligence in the construction, operation or maintenance of the Pennsylvania Turnpike?

That is the primary question presented by this appeal from the Order of the United States District Court for the Middle District of Pennsylvania which answered it in the affirmative and dismissed the action.[1]

The issue is novel in the sense that the precise question has never been decided by the appellate courts of Pennsylvania and that being so we are required to consider such approach to the problem as may be indicated by the Pennsylvania cases in the general field and to resort to general applicable principles to reach a conclusion consistent with Pennsylvania law.[2] In sum, it is incumbent on us to make our own determination of what the Pennsylvania Supreme Court would probably rule in a similar case.[3]

There have been a number of cases in the Common Pleas Courts and Federal District Courts in Pennsylvania in which the question of immunity of the Pennsylvania Turnpike Commission in negligence cases was at issue.

The Common Pleas Courts of Pennsylvania—three in Dauphin County,[4] two

---

1. The action was brought on behalf of the minor plaintiff, Carl Gerr, and his father, plaintiff Stanley Gerr, to recover damages for injuries sustained by Carl as the result of an automobile accident on the Philadelphia Extension of the Pennsylvania Turnpike. The negligence of the Pennsylvania Turnpike Commission is alleged to have been its failure to erect a guard rail at the point where the vehicle operated by Carl went off the Turnpike after being struck by a vehicle operated by the defendant Harry William Emrick. Jurisdiction was based on a diversity of citizenship—the plaintiffs are citizens of Connecticut, defendant Emrick is a citizen of Illinois and the Pennsylvania Turnpike Commission is a citizen of Pennsylvania. In its Answer to the Complaint the Commission averred as its "First Defense" lack of jurisdiction on the part of the District Court "because it [the action] is in substance and effect against the Commonwealth of Pennsylvania, which has not consented to be sued or waived its immunity from suit." The Commission also urged in the court below, as it does here, that assuming absence of immunity the Commission could be sued only in the Dauphin County (Pennsylvania) Courts. The District Court did not reach the latter contention and dismissed the action as to the Commission on the ground of its immunity from suit. It further entered an Order in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., expressly determining that there was no just reason for delay in the entry of a final judgment of dismissal as to the Commission and this appeal followed.

2. Since jurisdiction in the instant case is based on diversity of citizenship, Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 requires us to apply Pennsylvania law.

3. Bittner v. Little, 3 Cir., 1959, 270 F.2d 286, 288; Davis v. Smith, 3 Cir., 1958, 253 F.2d 286, 289; Aetna Casualty & Surety Co. v. DeMaison, 3 Cir., 1954, 213 F.2d 826; Continental Assurance Co. v. Conroy, 3 Cir., 1954, 209 F.2d 539.

4. House v. Pennsylvania Turnpike Commission, 1942, 45 Pa.Dist. & Co.R. 677; Malpica v. Pennsylvania Turnpike Commission, 1953, 65 Dauph.Co. 302 and Super v. Pennsylvania Turnpike Commission, 1959, 19 Pa.Dist. & Co.R.2d 372.

in Allegheny [5] and one in Philadelphia,[6] all have held that the Commission is endowed with the sovereign immunity of the Commonwealth of Pennsylvania and hence not subject to liability in negligence cases.

The District Court for the Eastern District of Pennsylvania disagreed with the view of the Pennsylvania Common Pleas Courts in one case [7] and agreed with it in another.[8] The District Court for the Western District of Pennsylvania disagreed with the Pennsylvania Common Pleas Courts.[9]

The sum of the lower court opinions holding the Pennsylvania Turnpike Commission immune from suit in negligence actions is that the Commission is "an instrumentality of the Commonwealth" engaged in the performance of "an essential governmental function" and accordingly is endowed with the attributes of the sovereign immunity of the Commonwealth of Pennsylvania.

The contrary view expressed in the two federal district court decisions is premised on their holding that the Pennsylvania Turnpike Commission is "a separate entity" distinct from the Commonwealth of Pennsylvania and that the latter is not the "real party in interest."

■■■ On the score of the lower Pennsylvania court decisions we need only say that we do not deem them to represent such a "consensus" of nisi prius opinion as to require us to defer to their holding,[10] particularly in view of recent rulings and expressions therein of the Supreme Court of Pennsylvania.

We find an illuminating guide towards the decision of the issue here presented in Lichtenstein v. Pennsylvania Turnpike Commission, 1960, 398 Pa. 415, 158 A.2d 461 and are moved by it to conclude that the Pennsylvania Supreme Court would hold that the Commission is not immune from actions premised on its negligent construction, operation or maintenance of the Pennsylvania Turnpike.

In Lichtenstein v. Pennsylvania Turnpike Commission it was held that where the Commission condemns and enters upon land and a board of viewers awards the landowner damages the Commission is liable for interest on the award. Of special significance is the fact that in so holding the Pennsylvania Supreme Court expressly overruled its earlier decision in Pennsylvania Turnpike Commission v. Smith, 1944, 350 Pa. 355, 39 A.2d 139 insofar as that case equated the Commission with the Commonwealth in respect of liability for interest on claims against it.

In overruling the Smith case the Court said (398 Pa. at pages 419–420, 158 A.2d at page 462):

"Nothing could be clearer than that claims against the Turnpike Commission are not chargeable to the Commonwealth. Yet, the above quoted statement from the Smith case plainly implies that the liabilities of the Turnpike Commission do not bear interest because the Commission is, in effect, the *alter ego* of the Commonwealth which is not liable for interest. This conclusion was reasoned from the fact that the Act of May 21, 1937, P.L. 774, No. 211, 36 PS § 652a et seq., which created the Turnpike Commission, constituted it 'an instrumentality of the Com-

---

5. Caputo v. Pennsylvania Turnpike Commission, 1955, 103 Pittsb.Leg.J. 486 and Harrell v. Porter, 1958, 19 Pa.Dist. & Co.R.2d 385.

6. DiRenzo v. Transamerican Freight Lines, Inc., 1957, 10 Pa.Dist. & Co.R.2d 723.

7. Eastern Motor Express, Inc. v. Espenshade and Pennsylvania Turnpike Commission, D.C.E.D.Pa.1956, 138 F.Supp. 426, 429, decided by Judge Lord.

8. Masse v. Pennsylvania Turnpike Commission, D.C.E.D.Pa.1958, 163 F.Supp. 510, decided by Judge Kraft.

9. Linger v. Pennsylvania Turnpike Commission, D.C.W.D.Pa.1958, 158 F.Supp. 900, decided by Judge Miller.

10. Eckman v. Baker, 3 Cir., 1955, 224 F.2d 954.

monwealth,' performing 'an essential governmental function of the Commonwealth.' But, equally so is every legislatively ordained municipal corporation, school district or political subdivision. School districts especially afford notable examples of instrumentalities of the Commonwealth engaged in the performance of an essential governmental function, the responsibility for the discharge whereof is laid primarily on the Commonwealth by the Constitution, which declares that the General Assembly shall provide for the maintenance and support of a thorough and efficient public school system. Art. X, Section 1, P.S. Certainly, no one can justifiably contend that, under the Act of 1929, as amended, governmental instrumentalities, such as school districts, municipalities and other political subdivisions are not liable for interest on awards of viewers for damages for property taken under the power of eminent domain; and no meritorious reason is apparent why the Act of 1929, as amended, is not also applicable to the Pennsylvania Turnpike Commission * * *."

"In the Culver case, supra [Culver v. Commonwealth, 348 Pa. 472, 35 A.2d 64 (1944)], it was said that to make the Commonwealth liable for interest, the legislature would expressly have to so declare, the *rationale* being that, without such legislative declaration, the Commonwealth is free from liability for interest because of its sovereign immunity. But, it would be carrying this particular immunity beyond justifiable limits to extend it to an instrumentality of the Commonwealth, created for the performance of an essential governmental function, where liability for the principal sum involved resulted from the appropriation by the instrumentality, under its power of eminent domain, of private property for use in the furtherance of the public purpose for which the instrumentality was created * * *."

It seems clear from the foregoing that the Supreme Court of Pennsylvania in Lichtenstein did not subscribe to the concept of the Pennsylvania Common Pleas Courts that the Pennsylvania Turnpike Commission is the alter ego of the Commonwealth of Pennsylvania, and that its status as an "instrumentality of the Commonwealth" and the fact that it was engaged in the performance of "an essential governmental function" endow it with the sovereign immunity of the Commonwealth.

■ It is also clear from what was decided and said in Lichtenstein that the Pennsylvania Turnpike Commission occupies the status of a "legislatively ordained municipal corporation, school district or political subdivision" and as such is suable for negligence in the discharge of its legislatively assigned functions to construct, operate and maintain the Pennsylvania Turnpike. It is settled in Pennsylvania that municipalities or political subdivisions may be sued for negligent maintenance of their highways. Clark v. Allegheny County, 1918, 260 Pa. 199, 103 A. 552; Camp v. Allegheny County, 1919, 263 Pa. 276, 106 A. 314; see generally 17 Pa.Law Ency., Highways § 81.

The holding in Lichtenstein that the Commission is not the *alter ego* of the Commonwealth is in consonance with what was earlier said in Gitlin v. Pennsylvania Turnpike Commission, 1956, 384 Pa. 326, 121 A.2d 79. There the Court in disposing of the contention that the Commission as an instrumentality of the Commonwealth was endowed with its sovereignty stated (384 Pa. at page 330, 121 A.2d at page 81):

"The Commission is not the Commonwealth."

Of interest is the recent case of Pennsylvania Turnpike Commission v. County of Fulton, 143 Leg.Int. 71 (Common Pleas Court Fulton Co. 1960) where it was held that land acquired by the Commission in connection with the acquisi-

tion of a right of way but not actually used for Turnpike purposes was subject to county taxes. The opinion writer was Judge Sheely who had written the first of the Common Pleas Court decisions—House v. Pennsylvania Turnpike Commission, supra—holding the Commission to be immune from suits for negligence on the ground that as an "instrumentality of the Commonwealth" performing a governmental function it was endowed with the sovereignty of the Commonwealth.

In Pennsylvania Turnpike Commission v. County of Fulton, Judge Sheely said:

"* * * it is also true that the Act of May 21, 1937, P.L. 774, 36 P.S. § 652a et seq., which created the Turnpike Commission, constituted it 'an instrumentality of the Commonwealth' performing 'an essential governmental function of the Commonwealth,' but it does not follow that the Turnpike Commission is thereby vested with all the immunities of the Commonwealth. This was expressly decided in Lichtenstein v. Pennsylvania Turnpike Commission, 398 Pa. 415 [158 A.2d 461] (1960) * * * It was specifically held that the Turnpike Commission was not, in effect, the alter ego of the Commonwealth."

In view of the foregoing we are of the opinion that the Pennsylvania Supreme Court would hold that the Pennsylvania Turnpike Commission may be sued for negligence in the construction, operation and maintenance of the Turnpike.

There remains for disposition the contention of the Commission that if suable it must be sued in the "proper courts at the county of Dauphin" under Pennsylvania law. In doing so it points to the following provision in the Pennsylvania Turnpike Act:

"The commission may sue and be sued in its own name, plead and be impleaded: Provided, however, That any and all actions at law or in equity against the commission shall be brought only in the proper courts at the county of Dauphin." Act of May 16, 1940, Extra Sess., P.L. 949, § 6, 36 P.S. § 653e(c).

The Commission urges that should this Court find a "waiver" of the immunity of the Commission, such "waiver", by virtue of the above quoted proviso, has been limited to actions brought in the state courts in Dauphin County, relying upon Kennecott Copper Corp. v. State Tax Comm., 1946, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862; Ford Motor Co. v. Department of Treasury, 1945, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389; Great Northern Life Ins. Co. v. Read, 1944, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121. The plaintiffs, however, contend that a state is without the power to deprive a federal court of its otherwise proper diversity jurisdiction by restricting suit against the state-created entity to state courts, where, as here, they argue that entity is deemed separate and distinct from the state. Lincoln County v. Luning, 1890, 133 U.S. 529, 10 S.Ct. 373, 33 L.Ed. 766; Louisiana Highway Comm. v. Farnsworth, 5 Cir., 1935, 74 F.2d 910, certiorari denied 294 U.S. 729, 55 S.Ct. 638, 79 L.Ed. 1259. Plaintiffs further contend that the Kennecott, Ford Motor and Read cases, supra, are inapposite "since their rulings are restricted to fiscal claims against the State on State taxation matters. * * *"

We find it unnecessary to decide this very interesting issue as posed by the parties. See Markham v. City of Newport News, D.C.E.D.Va.1960, 184 F.Supp. 659; Hart & Wechsler, The Federal Courts and the Federal System 609 (1953); Note, Waiver of State Immunity to Suit With Special Reference to Suits in Federal Courts, 45 Mich.L.Rev. 348 (1947). As we have already determined that a suit against the Commission is not a suit against the Commonwealth, the problems raised by the Kennecott, Ford Motor and Read cases, supra, in ascertaining whether a state has limited its consent to suit in state courts is not here present. The Commission is a "citizen" of a state for purposes of diversity of citizenship jurisdiction of

the federal courts. Suit was brought in the United States District Court for the Middle District of Pennsylvania. The Middle District of Pennsylvania includes Dauphin County. The United States District Court for the Middle District of Pennsylvania is one of the "proper courts at the county of Dauphin". Therefore the statutory provision has been complied with and we need not determine what its effect would be had suit been brought in the United States District Court for the Eastern District of Pennsylvania, see Eastern Motor Express, Inc. v. Espenshade, supra, or had the statute purported to expressly limit suit against the Commission to a state court, see Lincoln County v. Luning, supra.

For the reasons stated the Order of the District Court will be reversed and the cause remanded for proceedings not inconsistent with this opinion.