**Alexander J. SHERMAN and Mary Sherman, Plaintiffs,**

v.

**Olive ULMER, Defendant and Third-Party Plaintiff,**

v.

**PENNSYLVANIA TURNPIKE COMMISSION, Third-Party Defendant.**

Civ. A. No. 29243.

United States District Court
E. D. Pennsylvania.

Dec. 8, 1961.

Norman P. Harvey, Philadelphia, Pa., for defendant and third-party plaintiff.

Joseph H. Foster, of White & Williams, Philadelphia, Pa., for third-party defendant.

JOSEPH S. LORD, III, District Judge.

The Pennsylvania Turnpike Commission (Commission), which is here as a third-party defendant, asks us to dismiss the third-party complaint. The basis for the motion to dismiss is the language of the Pennsylvania statute, the "Pennsylvania Turnpike, Philadelphia Extension Act", 36 P.S. § 653, et seq. which, in defining the powers of the Commission, provides at § 653e:

"The commission shall have the following powers and duties: * *

(c) The commission may sue and be sued in its own name, plead and be impleaded: Provided, however, That any and all actions at law or in equity against the commission shall be brought only in the proper courts at the county of Dauphin."

■ The Commission urges that because of this language, there is no proper venue in the Eastern District of Pennsylvania. This question has previously been before this court in Eastern Motor Express v. Espenshade, D.C.E.D.Pa., 1956, 138 F.Supp. 426; 28 U.S.C. § 1391, and determined adversely to the Commission's position by Judge John W. Lord, Jr. The Commission insists, however, that the provision of the statute is representative of Pennsylvania substantive law, a contention which it says was neither argued nor considered in Espenshade. The Commission therefore urges that we should now reconsider that result. Gerr v. Emrick, 3 Cir., 1961, 283 F.2d 293, has determined for us that the Commission is not the state nor its "alter ego"; that it is therefore not entitled to the immunity granted to states by the Eleventh Amendment; that it is a citizen for diversity purposes; and that it is properly suable in the United States District Court at least in the Middle District of Pennsylvania. As to the issue here involved. Judge Kalodner said in Gerr v. Emrick, supra, at page 297:

" * * * We find it unnecessary to decide this very interesting issue as posed by the parties. * * * "

In Zeidner v. Wulforst, et al., and New York State Thruway Authority, D.C.E.D. N.Y., 1961, 197 F.Supp. 23, suit was brought in the district court against the individuals and the Authority. The Authority argued that the action was actually one against the State of New York which, under the statute, had not consented to be sued except in the New York Court of Claims and that, therefore, the action was barred by the Eleventh Amendment. The Authority moved to dismiss. The court first decided that the Authority was neither the state nor its "alter ego" and held (page 25):

" * * * The Court is therefore compelled to conclude that as a matter of Federal law, the Authority is not the 'alter ego' of the State and may not assert the immunity from suit granted by the Eleventh Amendment under this theory. * * * "

The court went on to hold, however, that in creating a governmental agency a state may either clothe that agency with its own immunity or waive such immunity. The court concluded (page 27):

"The Court finds that the Authority, while not the alter ego of the State, has nevertheless been validly clothed with partial immunity from suits. It may not be sued in any court of general jurisdiction within the State of New York; it is therefore immune from suit in this Court in spite of the diversity of citizenship of the suitors. Consequently, the complaint against the Authority must be dismissed. * * * "

We find ourselves in disagreement both with the reasoning and result of the Zeidner case. Before the adoption of the Eleventh Amendment even a sovereign state had no immunity from suit in the federal courts: Chisholm v. State of Georgia, U.S. 1793, 2 Dall. 419, 1 L.Ed. 440.

■■ The Eleventh Amendment extended its protection only to states as such and there is nothing contained in that Amendment which would give a state the power to grant to an entity separate

and apart from the state any such federal immunity. The jurisdiction of federal courts derives from Article III, § 2, of the Constitution and the acts of Congress which implement that Section. It is to the Constitution and those acts of Congress that district courts must look for their jurisdiction, among which is diversity jurisdiction in suits involving diverse citizenship. Once that jurisdiction exists it cannot be ousted by state action: Louisiana Highway Commission v. Farnsworth, 5 Cir., 1935, 74 F.2d 910; Eastern Motor Express v. Espenshade, supra. Nor can federal venue provisions be disturbed by state action: McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498; Steel Motor Service v. Zalke, 6 Cir., 1954, 212 F.2d 856; Murphee v. Mississippi Publishing Corp., 5 Cir., 1945, 149 F.2d 138.

■ Of course, if state courts are completely closed to the assertion of a right, the federal courts in that state must remain equally closed. But this is so, not because of any species of "immunity", but because without any remedy under state law, in reality no right exists under law and under the familiar doctrine of Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, where no right exists under state law federal courts are required to reach the same result. This is clear from the language in Woods v. Interstate Realty Co., 1949, 337 U.S. 535, where the Court said, at page 538, 69 S.Ct. 1235, at page 1237, 93 L.Ed. 1524:

> "* * * a right which local law creates but which it does not supply with a remedy is no right at all for purposes of enforcement in a federal court in a diversity case; * * *"

■ Were federal courts to open their doors to a cause of action where none existed in the state courts, that contrariety of *result* would be reached which Erie was aimed at eliminating. Where, however, a cause of action exists in a state, albeit the state court in which it may be enforced is limited, a federal court deciding the same cause of action would presumably reach a result identical to that reached in the state court. The difference is purely in the *means* of reaching that result and this is procedural.

We think that Markham v. City of Newport News, 4 Cir., 1961, 292 F.2d 711, is dispositive of the issue here. In that case suit was brought against a municipality. A state (Virginia) statute provided that no tort action against a city could be maintained except in a court of the state established under the state constitution. The district court held that this limitation barred a suit in the district court where jurisdiction was based upon diversity. The Court of Appeals reversed. The court said, at page 716:

> "* * * From all of these cases it is apparent that a court, in determining its own jurisdiction, must look to the constitution and laws of the sovereignty which created it. The laws of a state cannot enlarge or restrict the jurisdiction of the federal courts or those of any other state. It necessarily follows that whenever a state provides a substantive right and a remedy for its enforcement in a judicial proceeding in *any* state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States. * * *" (Emphasis added.)

■ Since (1) the Commission is not entitled to Eleventh Amendment immunity, (2) it is a citizen for diversity purposes (Gerr v. Emrick, supra), (3) there is a substantive right of action against it and a remedy for its enforcement in a state court, and (4) the enforcement of this right in a federal court will produce an end result no different from that reached in a state court, we hold that the limitation of actions against the Commission to "the proper courts at the county of Dauphin" is procedural and not substantive and is ineffective either to oust federal jurisdiction or disturb federal venue. We therefore conclude that the motion to dismiss must be denied.