George W. GOULDING, Plaintiff on Counterclaim,

v.

Michael SANDS, Defendant on Counterclaim,

United States Fire Insurance Company, Garnishee.

Misc. No. 3318.

United States District Court
W. D. Pennsylvania.

Jan. 27, 1965.

Norman J. Cowie, Pittsburgh, Pa., for plaintiff.

Fred W. Dunton, Pittsburgh, Pa., for defendant and garnishee.

GOURLEY, Chief Judge.

In this negligence action based on diversity of citizenship, an attachment execution proceeding has been instituted by George W. Goulding against United States Fire Insurance Company. The Company is liability insurance carrier for Michael Sands against whom judgment for contribution was entered in favor of Goulding at Civil Action No. 61–725.

Goulding and Company present Motions for Summary Judgment in which two questions must be resolved.

### HISTORY OF CIVIL ACTION NO. 61–725

Sands and his wife, both New York residents, instituted suit against Goulding, a Pennsylvania resident, based on the legal thesis that Goulding's negligence caused the collision between his automobile and the one driven by Sands (with his wife as a passenger), thereby causing personal injuries to Sands and spouse.

Goulding filed an answer and counterclaim against Sands, alleging that Sands'

negligence caused the collision and, in the alternative, Goulding claimed contribution.

Counsel for Insurance Carrier, the garnishee in this proceeding, appeared and defended Michael Sands against the claims of Goulding.

The jury returned a verdict for wife Helen Sands against Goulding in the amount of $15,000. In reply to a special interrogatory, the jury also found the negligence of Michael Sands to be a proximate cause of the accident.

Based on the special verdicts of the jury, the Court adjudged Goulding and Sands joint tortfeasors and that the right of contribution exists in favor of Goulding against Michael Sands for the amount Goulding pays to Helen Sands in excess of $7,500.

The Court entered judgment in favor of Goulding against Sands for $7,500 upon due proof that Goulding paid $15,000 to Helen Sands.

The Company claims (1) that the judgment for contribution is void because Michael Sands was not properly before the Court as a defendant at Civil Action No. 61–725, and (2) that no coverage exists under the contract of insurance because it did not contain a provision for liability on the part of the Company arising out of personal injuries to the spouse of the insured (Michael Sands) and, therefore, New York law (the place where the contract was executed) governs and bars liability.[1]

After a thorough review of Civil Action No. 61–725, the pleadings, record, briefs and oral arguments of counsel, it is the considered judgment of the Court that the Company's denial of liability is without merit and that Goulding's Motion for Summary Judgment should be granted and Motion of the Company denied.

## QUESTIONS PRESENTED

1. Is the judgment secured by Goulding against Michael Sands for contribution void?

The answer is "no."

2. Does New York law govern the insurance contract between Michael Sands and the United States Fire Insurance Company?

The answer is "no."

## DISCUSSION

1. *Is the judgment secured by Goulding against Michael Sands for contribution void?*

[1] There is no merit in Company's contention that Michael Sands was not properly before the Court as a defendant. Under Rule 8(f) of the Federal Rules of Civil Procedure, pleadings are to be construed so as to do substantial justice. Both Michael Sands and the Company had sufficient notice of the type of action that Goulding initiated in the pleading entitled "Counterclaim." Indicative of this is the fact that the Company appeared and defended Sands as a defendant in Civil Action No. 61–725. Moreover, counsel for the Company admitted at oral argument in this proceeding that he would not have defended the case differently if Goulding sued Michael Sands individually and the cases were consolidated or even tried separately.

In light thereof, the Court fails to see any prejudice to Sands or the Company and, as such, the Court will not permit the judgment to be struck down as a result of the mislabeling of the pleading involved.

2. *Does New York law govern the insurance contract between Michael Sands and the United States Fire Insurance Company?*

---

1. The Company relies on Paragraph 167, Subsection 3, of the New York Insurance Law Journal in 27 N.Y.Consol.Laws Annot., Insurance Law, McKinney's Consol. Laws, c. 28, § 167, subd. 3 which provides that "No policy or contract shall be deemed to insure against liability of an insured because of injuries to his or her spouse because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy."

 Since jurisdiction is based on diversity of citizenship, the Court must apply the law of Pennsylvania, including its conflict of laws rules. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

Recently, the Supreme Court of Pennsylvania, in a suit filed against an airline under the Pennsylvania Survival Act on the basis of negligent breach of contract for carriage, struck down the strict *lex loci delicti* rule and adopted the more flexible "center of gravity" or "grouping of contracts" rule of conflict of laws. See Griffith v. United Air Lines, 416 Pa. 1, 203 A.2d 796 (1964).

Although the Griffith case dealt specifically with the *lex loci delicti* rule, the Court indicated that the newly adopted rule would apply in all cases involving choice of law problems and not just those dealing with personal injuries. Griffith v. United Air Lines, supra, 22, 203 A.2d 796.

 Since there is no precedent in Pennsylvania for a problem of this nature under the "grouping of contracts" or "center of gravity" rule, it is incumbent upon the Court to apply the rule as it believes the Supreme Court of Pennsylvania would in a similar case. Gerr v. Emrick, 283 F.2d 293 (3rd Cir., 1960).

The question raised in the instant proceeding is whether New York or Pennsylvania has a greater concern with the specific issue raised, to wit, whether Goulding may recover for contribution against the insurance carrier of Sands in this factual situation.

New York has relatively little interest in this factual situation. The contract was executed in New York between a New York resident and a Company that conducts business in New York and Pennsylvania. Both parties were on notice that the insured would drive across state lines and subject residents of other states to potential injury and, in turn, subject both to the laws of other states.

On the other hand, Pennsylvania's interest in Goulding's recovery is great.

One New York resident (Mrs. Sands) has been fully compensated in a Pennsylvania court by the application of Pennsylvania law, and another New York resident (Mr. Sands) attempted to gain compensation under Pennsylvania law.

The Courts of Pennsylvania should be interested in Goulding, a resident of said State, who unquestionably would be injured and prejudiced by the application of the New York statute. Pennsylvania's interest is apparent in protecting its residents from injury either bodily or pecuniary from out-of-state residents while traveling on its highways.

 From the foregoing analysis, the Court concludes that Pennsylvania's interests outweigh those of New York and are sufficient to justify the application of Pennsylvania law. Therefore, George W. Goulding may recover on the judgment for contribution against the New York Fire Insurance Company.

An appropriate Order is entered.