Hope Ann LOVRINOFF, a minor, by Michael P. Lovrinoff and Irene Lovrinoff, her guardians, parents and natural guardians, and Michael P. Lovrinoff and Irene Lovrinoff, in their own right, and Michael Lovrinoff as an individual, and Irene Lovrinoff as an individual, and Michael P. Lovrinoff, as the husband of Irene Lovrinoff, Plaintiffs,

v.

HELMS EXPRESS, INC., a Pennsylvania corporation also known as Helms International Inc., U. S. A., a Pennsylvania corporation, Nevin C. Deist, an individual, Stabler Construction Company, Inc., a Pennsylvania corporation, James Moorhead, an individual, the Pennsylvania Turnpike Commission, the Russell Standard Company, Inc., a Pennsylvania corporation, Defendants and Third-Party Plaintiffs,

v.

Wilfred L. KUNZE, Jr., Administrator of the Estate of Lilly Rose Kunze, Deceased, and Michael P. Lovrinoff, Third-Party Defendants.

Mary MADACSI, Plaintiff,

v.

HELMS EXPRESS, INC., a Pennsylvania corporation also known as Helms International Inc., U. S. A., a Pennsylvania corporation, Nevin C. Deist, an individual, Stabler Construction Company, Inc., a Pennsylvania corporation, James Moorhead, an individual, the Pennsylvania Turnpike Commission, the Russell Standard Company, Inc., a Pennsylvania corporation, Defendants and Third-Party Plaintiffs,

v.

Wilfred L. KUNZE, Jr., Administrator of the Estate of Lilly Rose Kunze, Deceased, and Michael P. Lovrinoff, Third-Party Defendants.

Wilfred L. KUNZE, Jr., Administrator of the Estate of Lillie Rose Kunze, Deceased, and Wilfred L. Kunze, Jr., Administrator of the Estate of Patricia Kunze, Deceased, and Wilfred L. Kunze, Jr., Administrator of the Estate of Michelle Denise Kunze, Deceased, and Wilfred L. Kunze, Jr., Administrator of the Estate of Diane Cheryl Kunze, Deceased, Plaintiffs,

v.

STABLER CONSTRUCTION COMPANY, Inc., a Pennsylvania corporation, James Moorhead, an individual, the Pennsylvania Turnpike Commission, and the Russell Standard Company, Inc., a Pennsylvania corporation, Defendants and Third-Party Plaintiffs,

v.

HELMS EXPRESS, INC., a Pennsylvania corporation, also known as Helms International, Inc., U. S. A., a Pennsylvania corporation, Third-Party Defendant.

Civ. A. Nos. 69–428, 429 and 560.

United States District Court,
W. D. Pennsylvania.

Jan. 20, 1970.

Meffe & Ober, Greensburg, Pa., for Hope Ann Lovrinoff, Mary Madacsi, Wilfred L. Kunze, Jr., Administrator, and others.

Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for Russell Standard Co., Inc.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Helms Express, Inc., a Pennsylvania Corp., a/k/a Helms International Inc., U. S. A., a Pennsylvania Corp. and Nevin C. Deist.

Brandt, Riester, Brandt & Malone, Pittsburgh, Pa., for Pennsylvania Turnpike Commission and James Moorhead.

Stein & Winters, Pittsburgh, Pa., for Stabler Const. Co.

Weis & Weis, Pittsburgh, Pa., for Wilfred L. Kunze, Jr., Administrator.

Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for Michael P. Lovrinoff.

## OPINION

GOURLEY, District Judge.

These are three diversity actions all of which are based on negligence and arise out of a tragic accident occurring on the Pennsylvania Turnpike, wherein allegedly four persons were killed, one received permanent physical injury, one received severe and possibly permanent psychic injury, and another was seriously

injured. In each action, the respective plaintiffs have joined as one of several original defendants the Pennsylvania Turnpike Commission. The Commission has filed Motion for Summary Judgment in each action, asserting therein the defense of sovereign immunity. The Court, with great reluctance but no alternative in law, grants each Motion.

Where jurisdiction is founded upon diversity of citizenship, a federal district court is bound to apply applicable State law to all substantive issues. Whether an instrumentality of a State is to be afforded immunity from liability for its negligent acts is a question of substantive law as is also the question of whether a given entity is an instrumentality of the State for purposes of veiling itself in the protective cloak of sovereign immunity. Gerr v. Emrick, 283 F.2d 293, 294 (3d Cir. 1960) Therefore, it is to the law of Pennsylvania that this Court must look to determine the question presented herein.

Not until rendering its definitive statement in the case of Rader v. Pennsylvania Turnpike Commission, 407 Pa. 609, 182 A.2d 199 (1966), did the Supreme Court of Pennsylvania speak to the question of whether said Commission, in maintaining the highways of the Commonwealth, acts as an instrumentality of the State so as to entitle it to sovereign immunity from liability for its negligent acts.

In the Rader case, supra, the Supreme Court of Pennsylvania determined that the Commission was such a State instrumentality. In so deciding, said Court confirmed the prior decisions of the majority of lower Pennsylvania Courts and disavowed the prior conclusions reached by the majority of Pennsylvania Federal District Courts and the Court of Appeals of the Third Judicial Circuit as to how that Court would probably rule upon the question.[1]

As recently as April 23, 1969, in the case of Thomas v. Baird, 433 Pa. 482, 252 A.2d 653 (1969), the Supreme Court of Pennsylvania has reaffirmed its ruling in the Rader case, supra, leaving no room for doubt as to its intentions. And, while the sympathies of this member of the Court lie with the dissenting opinions of Mr. Justice Musmanno and Mr. Justice Roberts in those cases, I am, of course, bound to apply the majority determinations.

Plaintiffs urge upon the Court a number of reasons why the ruling of the Pennsylvania Supreme Court need not be followed by this Court, any one of which I would seize upon if it were in good judgment, but I do not find this to be the case. It is contended that the question whether the Commission is an instrumentality of the State of Pennsylvania must be resolved by application of federal law. Concededly, this is true for the particular purpose of determining whether the Commission is entitled to the *general immunity from suit in a federal court* which is afforded to a State sovereign by the Eleventh Amendment. As a matter of federal law, it has been held in the case of Lowes v. Pennsylvania Turnpike Commission, 125 F. Supp. 681 (W.D.Pa.1954) that the Commission is not an instrumentality of the State of Pennsylvania within the intent and purposes of the Eleventh Amendment. See also Linger v. Pennsylvania Turnpike Commission, 158 F.Supp. 900 (W.D.Pa.1958) and cases cited therein at p. 903. There is no present reason to believe that the determination of this federal question reached in the above-cited federal decisions will be affected by the recent decisions of the Supreme Court of Pennsylvania, which, of course, enunciate the law of that Commonwealth.

However, in determining whether the Commission is immune *from liability for its negligent acts*, in a State or federal

---

1. The prior federal cases which, in effect, have been overruled on this point by the *Rader* case, *supra*, are Gerr v. Emrick, *supra*, Eastern Motor Express, Inc. v. Espenshade et al., 138 F.Supp. 426 (E.D.Pa.1956), and Linger v. Penn. Turnpike Comm'n., 158 F.Supp. 900 (W.D.Pa.1958).

court, the question of whether the Commission is an instrumentality of the State of Pennsylvania must be resolved by application of State law. Otherwise, a great injustice would result to the residents of this State who would be deprived of a recovery against the Commission upon facts identical to those upon which an out-of-state resident could recover in this Court by virtue of fortuitous diverse residence.

 Plaintiffs also urge that if State law must be applied, the law of a State other than Pennsylvania should be applied, since the respective plaintiffs in these three suits are all residents of other States. Particularly in the case of the plaintiff at Civil Action 69–429 is it urged that the State of Ohio has a substantial interest in that it bears the cost of plaintiff's most tragic institutionalization. Nevertheless, even applying the most liberal "contacts" theory, this factor cannot prevail over the outspoken policy of the Commonwealth of Pennsylvania to confer sovereign immunity upon the Commission with regard to its activities in maintaining Pennsylvania highways and any injuries which might result therefrom. See Allison v. Mennonite Publications Board, 123 F.Supp. 23 (W.D.Pa.1954).

It is contended that the doctrine of sovereign immunity should not apply because the Pennsylvania Turnpike Commission carries liability insurance. While I find the argument compelling, the matter is again one for resolution by the Commonwealth of Pennsylvania.

Finally, it is argued that the application of the doctrine of governmental immunity to bar plaintiffs' recovery against the Commission denies plaintiffs due process of law. While I disagree with the reasons in support of maintaining the distinction between a sovereign and others, with respect to liability for the commission of negligent acts, I may not substitute my judgment for that of the Commonwealth of Pennsylvania, nor can I find that the application of the doctrine of sovereign immunity herein would be so arbitrary as to constitute a denial of due process of law. See Sanner v. Trustees of Sheppard and Enoch Pratt Hospital, 278 F.Supp. 138 (D.Md.1968), aff'd 398 F.2d 226, cert. denied 393 U.S. 982, 89 S.Ct. 453, 21 L.Ed.2d 443 (1968).

During the interim between the hearing upon the instant Motion and this adjudication, the Court of Appeals for the Third Judicial Circuit has rendered a decision in the case of Harris v. Pennsylvania Turnpike Commission, 410 F.2d 1332, 3 Cir. (1969) which is directed to all but several of the issues raised herein and confirms as proper the dismissals requested. The decision in the *Harris* case, *supra*, is followed.

For the reasons stated above, defendants' Motions to Dismiss must be granted. An appropriate Order is entered.

