**FEDERAL DEPOSIT INSURANCE COR-PORATION, a Federal corporation,**

v.

**Nathan GREENBERG.**

**Civ. A. No. 70–2884.**

United States District Court,
E. D. Pennsylvania.

Feb. 22, 1971.

Gregory M. Harvey, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

Howard Gittis, Bernard Chanin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

This is a motion by defendant, Nathan Greenberg (hereinafter Green-

berg), to vacate attachments of real and personal property. Plaintiff, Federal Deposit Insurance Corporation (FDIC), is a creditor of one Martin Decker (Decker) by reason of having purchased certain assets of City Bank of Philadelphia following the insolvency of that bank. Greenberg, a citizen of Massachusetts, is successor trustee under a trust agreement in which Ollie A. Cohen and Murray Candib are settlors (hereinafter referred to as the Canco interests).[1]

In 1967 the Canco interests entered into a joint venture with Decker for the development of four tracts of real estate known as One, Two and Three Decker Square in Montgomery County, Pennsylvania and 3001 Walnut Street, Philadelphia, Pennsylvania. Decker and the Canco interests contributed capital and services to the venture and each owned an undivided one-half interest in the four properties. Number Two Decker Square was owned by Decreal Corporation, a Pennsylvania corporation. Decker and the Canco interests each owned fifty percent of the stock in this corporation.

On March 24, 1970, the parties entered into an agreement under which Decker would purchase Canco's interest in the properties for $10,150,000.00. The agreement also provided that Decker would deliver in escrow to counsel for the Canco interests deeds representing Decker's entire interest in the four properties including assignments of his interest in the capital stock of Decreal Corporation. Both the sale agreement and the escrow agreement provided that in the event that Decker failed to perform any of the obligations that were to be performed prior to the closing of the transaction, Canco's counsel, as Escrow Agent, would deliver the deeds and assignments to Greenberg. This conveyance would transfer to Greenberg as

1. Subsequent to this motion to vacate attachments, Martin Decker has been placed in receivership. Although this bank-ruptcy may ultimately render FDIC's action moot, we feel the motion should be adjudicated at this time.

trustee for the Canco interests the entire interest of Decker in the properties, free of any reservation, restriction or right of redemption.

FDIC subsequently brought the present action in which it seeks to set aside the above transaction. On the same day that the action was commenced, FDIC caused a Writ of Foreign Attachment to issue against the four properties and against the shares of stock purportedly forfeited by Decker to Greenberg. Greenberg has now moved to vacate the attachments as to the three tracts of real property in Montgomery County on the ground that the Writ of Foreign Attachment did not issue in Montgomery County. He has moved to vacate the attachment of the shares of stock on the same ground and on the further ground that the share certificate was not manually seized.

The dispositive issue here is whether the attachments satisfied the venue requirements of Pennsylvania Rule of Civil Procedure 1254, 12 P.S.Appendix. That rule is made applicable by Rule 4(e) (2) of the Federal Rules of Civil Procedure which provides that:

"Whenever a statute or rule of court of the state in which the district court is held provides * * * (2) for service upon or notice to * * * [defendant] to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may * * * be made under the circumstances and in the manner prescribed in the statute or rule."

Rule 1254 provides:

"(a) An attachment against personal property of the defendant may be issued in and only in a county in which

(1) the property is located, or

(2) a garnishee may be served.

(b) An attachment against real property of the defendant may be issued in and only in a county in which all or any part of the property is located."

Greenberg argues that the attachments are invalid because they issued from Philadelphia, and not Montgomery County. FDIC argues that the attachments are valid because this Court is a Court of every county in the Eastern District of Pennsylvania.

For reasons hereinafter stated, we conclude that the attachments are not valid and must be vacated.

The only previous case which has interpreted Rule 1254 as it applies to actions instituted in Federal Court is Dunn v. Printing Corporation of America, 245 F.Supp. 875 (E.D.Pa.1965). In that case attachments of personal property were issued against seven corporations, only two of which were located in Philadephia County. Our colleague, the Honorable Ralph C. Body, held that the language of Rule 1254 required the vacation of those attachments which issued against property or garnishees not located in Philadelphia County, the county in which this Court sits. This decision was "based upon the sound principle that a defendant should not be prejudiced merely because plaintiff has selected a federal, and not a state forum." Dunn, supra, at p. 878.

Furthermore, it is clear that Rule 1254 prohibits in state court actions attachments such as those in issue. We do not believe that we should allow plaintiff to circumvent the requirements of 1254 by permitting such attachment in Federal Court. To do so would be to seriously attenuate the provisions of the rule.

 FDIC contends that *Dunn* is a minority decision and urges us to adopt instead the line of reasoning in Gerr v. Emrick, 283 F.2d 293 (3rd Cir. 1960). However, we do not believe that the holding in *Gerr* is dispositive of this case. In *Gerr* the Court was called upon to interpret Section 6 of the Pennsylvania Turnpike Act, 36 P.S. § 653(e) (c)

which provides that suits against the Turnpike Commission can be brought only in "the proper courts at the county of Dauphin." The Court held that the District Court for the Middle District of Pennsylvania is one of "the proper courts at the county of Dauphin," and therefore the Commission could be sued in that Court. Here, however, the precise question presented is not whether this Court is a proper Court of Montgomery County but rather whether the word "county" in Rule 1254 can be construed to mean "district". The language of 1254 does not lend itself to any such interpretation.[2]

■ FDIC also suggests that the attachments literally comply with 1254(b). This reasoning is based on the theory that because one of the four tracts is located in Philadelphia County (i. e. the Walnut Street Tract), the requirement that all *or part* of the property be located in the county in which the attachment issues is satisfied. However, we interpret this provision as meaning only that in a situation where a tract of land extends over more than one county an attachment can issue against the land in any county in which part of the land is located. Such a situation is not present here.

Finally, FDIC urges us to distinguish *Dunn* on the ground that jurisdiction in that case was based on diversity of citizenship whereas here it is based on 12 U.S.C. § 1819 which empowers FDIC to sue in Federal Court. However, FDIC does not suggest why this fact compels a result different from that in *Dunn* and we conclude that it does not.

■ As the attachment of the shares of stock of Decreal Corporation also fails to comply with the venue requirements of Rule 1254, it will also be vacated. It is unnecessary to consider whether the attachment is invalid because the share certificate was not manually seized.

**2.** *Dunn* also distinguished *Gerr* on the basis that the District Court of the Mid-

## ORDER

And now, this 22nd day of February, 1971, it is ordered that defendant's motion to vacate the attachments of those tracts of real estate known as One, Two and Three Decker Square in Montgomery County, Pennsylvania, is granted.

It is further ordered that defendant's motion to vacate the attachment of 500 shares of stock of Decreal Corporation is granted.

dle District of Pennsylvania sits in Dauphin County.